49002, 49003. CHARLES A. MUELLER REALTY COMPANY et al. v. TUCKER REAL ESTATE COMPANY, INC.; and vice versa.
49004. MITCHELL et al. v. TUCKER REAL ESTATE COMPANY, INC. et al.

ARGUED FEBRUARY 11, 1974 — DECIDED FEBRUARY 21, 1974.

*Hodges, Oliver & Duckworth, W. H. Duckworth, Jr.,* for Mueller.

*Ernest J. Nelson, Jr., Davis & Stringer, Robert H. Stringer,* for Tucker.

*Alston, Miller & Gaines, Ronald L. Reid,* for Mitchell.

Deen, Judge.

1. *May Bagley and Mitchell, Jr. be liable for commissions based on the plaintiff's listing with Mitchell, Sr.?* Where a broker has been the procuring cause of the sale, even though he has not sold the property, he may collect his commission, but "in determining whether or not a broker was the procuring cause of the sale where there is no exclusive contract to sell, it must be established that (1) the negotiations were still pending between the broker and the prospective purchaser; and (2) the owner was aware that the negotiations were still pending at the time he consummated the sale." *Ideal Realty Co. v. Storch,* 124

Ga. App. 271 (1, 2) (183 SE2d 520). Whatever may be meant by negotiations being still pending, it is of course obvious that a prospective purchaser may not "get rid of" the agent who has interested him in the property merely by telling him he is not interested when he is in fact interested and is dealing with another agent on the same basis with a continuing intent to purchase. But were the owners Bagley and Mitchell, Jr. *aware* of this situation if it existed? Mitchell, Sr., was informed that Mueller Realty and Oliver were prospects of the plaintiff on December 3, and Mueller declared his intention to purchase to Bagley approximately four weeks later. Bagley maintains that he knew nothing about the letter to Mitchell, Sr., that he is a tenant in common, and that Mitchell, Sr. could under no circumstances sell more than the latter's own one-third interest in the property nor could he list the interest of the other parties so as to expose them to liability for the commission. The general rule is that one tenant in common cannot bind his nonconsenting cotenants in any disposition of their undivided interest in the common property. *Morgan v. Maddox,* 216 Ga. 816, 819 (120 SE2d 183). It is established by the affidavits of Mueller, Mitchell, Jr., and Bagley that the latter had no knowledge either of the listing with Mitchell, Sr. or the fact that the plaintiff had showed the property to Mueller and Oliver. One possibility, however, has not been eliminated, that being that Mitchell, Sr., had the right to act as agent for his co-owners in both listing and selling the property, and some few circumstances might support this hypothesis, including the fact that both Mrs. Banks and Mr. Mueller were referred by one seller to the other as convenience dictated. Therefore, since neither of the requirements which the plaintiff must prove in order to win its case has been finally eliminated at this stage of proceedings, it was not error to overrule the motion for summary judgment on Count 1 as to Bagley and Mitchell, Jr. It was, however, proper to strike the remaining defendants from this count as Mueller, Oliver and Mueller Realty were not parties to the oral listing on which it is based. There are respects in which the facts of this case are similar to *Fields Realty & Ins. Co. v. Smith,* 123 Ga. App. 342 (180

SE2d 909) on the question of procuring cause. It is true that the plaintiff's case is exceedingly weak, but there are situations where a motion for summary judgment will be denied even though the same facts would authorize the direction of a verdict. See *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175).

2. *Did the plaintiff make out a case for conspiracy on the part of the buyer and seller to exclude the plaintiff from commissions?* In view of the fact that both Mueller and Oliver swear they were aware of the subject property before the plaintiff showed it to them, the fact that Mitchell, Jr. and Bagley swear they had no notice that the plaintiff claimed either a listing or a sale, and the scantiness of any testimony relative to pending negotiations between the plaintiff and the buyers, it may well be that on the trial this case will be controlled by the rules of law set out in *Fields Realty & Ins. Co. v. Smith,* supra. In the event it is not, however, the defendants must meet the charge of conspiracy. The agreement to bypass a procuring realtor may be proved by circumstances. "The essential element of conspiracy is a common design, but it is unnecessary to prove that the parties met together either formally or informally or that they entered into any explicit or formal agreement. It is sufficient if it be shown that two or more persons, either positively or tacitly, came to a mutual understanding that they would accomplish the unlawful design." *Outside Carpets, Inc. v. Industrial Rug Co.,* 228 Ga. 263, 269 (185 SE2d 65). Assuming the facts entitling the plaintiff to commissions under the open listing are proved, it further appears that Mueller might have contacted the owners the very day Poss called his attention to the property; he might have sent Oliver, agent of the defendant real estate company of which he was president, to get further information from Poss the next week; he announced his intention to purchase within six weeks, after informing Poss he was not interested; he took the sale contract in the name of one company of which he was president and it was then assigned to the real estate company at a saving of $1,000 per acre purchase price to the buyer and $200 per acre to the seller. We therefore hold this count was properly

left for jury determination. The question involved here is fraudulent intent, shared by seller and purchaser. The rule as to the seller is "that where the broker has failed to procure an offer to buy upon the terms stipulated and the owner has not relinquished his right to sell the property himself to authorize a recovery of commissions it must appear that the owner negotiated the sale directly to the customer procured by the broker with a fraudulent intent to deprive the broker of his commission." *Kuniansky v. Williams,* 101 Ga. App. 678 (115 SE2d 204). If this is established the further question is whether the buyer shared in the intent and the acts by which it was consummated.

3. *Was the quantum meruit count properly stricken?* If the plaintiff is entitled to recover, it must be under the terms of the oral listing allegedly giving it the right to show and sell the plaintiff's property. The owner has his option to sell to any person he wishes unless he has by contract placed restrictions on it. In the absence of contract the fact that the plaintiff informed prospective purchasers the property was for sale and the terms of sale would entitle it to nothing from either the seller or buyer. This record shows no facts under which the plaintiff would be entitled to a recovery against either the seller or buyer in the absence of a listing agreement.

*Judgment affirmed in each case. Hall, P. J., and Stolz, J., concur.*