57409. BUDD v. SADDLER REALTY, INC.
57410. HOWARD et al. v. SADDLER REALTY, INC.

QUILLIAN, Presiding Judge.

The plaintiff, a realtor, brought an action against the defendants, the sellers and buyer of certain described realty, alleging that they conspired to deprive it of a real estate commission due under an exclusive listing contract. By amendment the plaintiff added a second count to its complaint which sought to recover the real estate commissions from the two sellers only. The defendants answered, denying the material allegations of the complaint and the defendant sellers also filed a counterclaim against the plaintiff.

The case came on for trial resulting in a jury verdict

in favor of the plaintiff on Count 1 of the complaint. Both defendants, pursuant to prior motions for directed verdict, moved for judgments notwithstanding the verdict or in the alternative for a new trial. These motions were overruled and appeal followed. In Case no. 57409 the defendant buyer appeals from the judgments adverse to him; while in Case no. 57410 the defendant sellers appeal from the judgments adverse to them.

The following facts are pertinent to a determination of the issues in this case. On December 24, 1974 the plaintiff realtor and the defendant sellers entered into an exclusive listing contract which ran until June 22, 1975. The contract provided that the seller agreed to pay the realtor 6% of the sales price as commission "providing said property is sold, exchanged, or leased with option to purchase before the expiration of this agency or any extension thereof, whether such sale, exchange, or lease with option to purchase is made by you, or by anyone else including myself." During this time the property was not sold. However, the plaintiff did contact the defendant buyer with regard to the sale of this property and the buyer on two occasions looked over the property in question. The evidence is in dispute as to whether the buyer ever met the sellers and whether the buyer and sellers knew about one another. The buyer had stated in a deposition that he walked the line with the seller but on the trial of the case testified that this was an error of the reporter who transcribed his testimony on deposition and that he had never met the sellers prior to the closing. Agents for the plaintiff testified that the sellers did know the buyer's name, but this was denied by the sellers.

After the expiration of the first exclusive listing contract no sale of the property took place and on September 12, 1975 the realtor and the sellers entered into a new exclusive listing agreement. It contained essentially the same terms and provisions but provided for a 10% commission on the sale of the property. Under the special stipulations was a provision to "exclude Mr. Bill Mitchell and Mike Gilmer [Silmer] for fifteen days." The defendant seller testified that the two names contained in the contract were incorrect and should have been Bill Reese and Mike Siemer. The seller testified that

he signed the contract without bothering to read it or check the names. A few days after the execution of the contract the defendant seller notified the realtor that he was going to sell the property to one of the parties that it excluded under the contract. The defendant seller testified that he told the president of the realty company that he was going to sell the property to Bill or Bill Reese. The president of the realty company testified that defendant told him that he was going to sell the property to Bill Mitchell. According to the testimony of Bill Reese he was acting on behalf of the defendant buyer and knew nothing about the exclusive listing agreement with the plaintiff. According to their testimony, the sellers and the buyer met for the first time on September 26, 1975 at which time the closing of the sale was planned, however, it was postponed until September 29, 1975 when the actual closing took place. Prior to the closing no contract was entered into between the parties. Subsequently, the president of the realty company learned that the property had been sold to the defendant buyer, the party whom he had previously contacted with regard to the sale but with whom no agreement had ever been reached. This action then followed.

1. The prime issue in 57409 is the sufficiency of the evidence to sustain the verdict that the defendant buyer conspired to deprive the plaintiff of its rightful commission. The evidence in this regard is wholly circumstantial. Looked at in a light most favorable to the plaintiff we can assume that the defendants knew of each other and had met on one occasion. The defendant buyer could have known that the sellers and the plaintiff had reentered into a sales agreement although there is nothing conclusive in this regard and no evidence that the buyer might have known the terms of the agreement — that is, whether it was exclusive or not. "Where a plaintiff in a civil case supports his case solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied on. There must be more than a 'scintilla' of circumstances to carry the case to the jury. It is for the court to say whether the circumstances reasonably establish the hypothesis relied on by the

plaintiff. If the evidence meets this test, it is then for the jury to say, either that the plaintiff has not carried his burden of proof because the evidence equally supports his hypothesis and some other reasonable hypothesis, or that the plaintiff has carried his burden of proof in that the evidence preponderates to his hypothesis as against all other reasonable but less probable hypotheses." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (2) (129 SE2d 408). Accord, *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (236 SE2d 550).

In this case, defendant's witness Reese testified that he acted for the defendant in purchasing the land; he knew nothing concerning the land being handled by the plaintiff and had no knowledge of an exclusive listing. " 'When a plaintiff's right to recover depended upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not unlawful, when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.' *Frazier v. Georgia Railroad & Banking Co.,* 108 Ga. 807 (33 SE 996)." *Foster v. Jones,* 64 Ga. App. 66, 67 (2) (12 SE2d 141).

"When in any civil case, . . . a party undertakes to support his right of recovery or defense solely by circumstantial evidence, in order for him to prevail, the 'facts and circumstances' which he offers as proof must not only sustain the hypothesis upon which his cause of defense is predicated, but must tend to prove that it is more probable than some other inconsistent reasonable theory or hypothesis. *Bailey v. Atlanta Gas Light Co.,* 58 Ga. App. 78 (197 SE 911)." *Carpenter v. Lockheed Aircraft Corp.,* 93 Ga. App. 213 (3) (91 SE2d 199). Under the facts and circumstances here we are not prepared to hold that the theory the defendant buyer conspired with the sellers is more probable than the theory that he merely purchased from them without knowing or ascertaining what their relation or obligation was concerning a realtor. It was error to deny the defendant

buyer's motion for judgment notwithstanding the verdict.

2. Case 57410 concerns the adequacy of the evidence against the defendant sellers.

An averment of conspiracy in a declaration does not, of necessity, change the nature of the action nor add to its legal effect. The gist of the action is not the conspiracy alleged, but the wrong committed against the plaintiff and the resulting damage. *Campbell v. Carroll,* 121 Ga. App. 497, 499 (174 SE2d 375); *Lambert v. Ga. Power Co.,* 181 Ga. 624, 628 (183 SE 814). "Accurately speaking, *there is no such thing as a civil action for conspiracy.* There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone." *Jones v. Spindel,* 113 Ga. App. 191, 193 (147 SE2d 615).

It is also true that more than one is necessary to form a conspiracy. *Davidson v. Collier,* 104 Ga. App. 546, 549 (122 SE2d 465). Here we have found the evidence to be inadequate to sustain a conspiracy between the buyer and the sellers. However, while this may relieve the buyer from liability it does not in this case relieve the sellers. The gist of their wrong is depriving the plaintiff of the commission regardless of whether they conspired with another to accomplish this end.

Here from the evidence offered by the plaintiff was established an effort by the seller to mislead the plaintiff into believing that the property was sold to one of the parties excluded from the exclusive listing agreement. This proof was sufficient to authorize the verdict.

3. Any remaining enumerations of error are without merit.

*Judgment reversed in Case No. 57409; affirmed in Case No. 57410. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 30, 1979 — REHEARING DENIED JUNE 5, 1979, IN CASE NO. 57410 —

*John H. Hicks,* for appellant (Case No. 57409).

*Richardson, Chenggis & Constantinides, George G. Chenggis, Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellee (Case No. 57409).

*D. W. Rolader,* for appellants (Case No. 57410).
*George G. Chenggis, John H. Hicks,* for appellee (Case No. 57410).