## 58104. MPI CORPORATION v. NORTHSIDE REALTY ASSOCIATES, INC. et al.

McMURRAY, Presiding Judge.

On June 11, 1978, MPI Corporation had an application for a real estate broker's license pending with the Georgia Real Estate Commission. With William J. Hare as its broker, MPI Corporation entered into a joint brokerage contract along with Northside Realty Associates, Inc., as agents for the sellers, to act as co-brokers for the sale of real estate. At that time William J. Hare, president of MPI Corporation, was a licensed broker and could have contracted with others as a co-broker, including the sellers and purchasers, if he had so desired. Instead, the co-brokerage contract was executed by and between Northside and MPI Corporation (signed by Hare as broker), with the sellers and purchasers for the sale of certain real estate.

Prior to the closing and on June 30, 1978, MPI became a duly licensed real estate brokerage firm with its principal broker shown as William J. Hare. The sale was closed on July 14, 1978 with Sanford Cohn as the closing attorney. The sum of $12,215 was deducted from the seller's funds as real estate commission. The closing statement shows 75% of this commission, or $9,161.25, going to Northside Realty Associates, Inc., and 25% of this commission, or $3,053.75, as going to MPI Corporation.

However, Cohn was instructed by Northside Realty Associates, Inc. not to pay any commission to MPI.

Alleging that the entire sum was paid by the closing attorney to Northside Realty Associates, Inc., and none of the commission was paid to MPI Corporation, plaintiffs MPI Corporation and William J. Hare sought judgment against Northside Realty Associates, Inc. and Cohn. In Count 1 plaintiff MPI Corporation alleges that the defendant Cohn "wrongfully and wilfully withheld from MPI Corporation the commission to which it was entitled, and did so either on his initiative, or at the express request and direction of defendant Northside Realty Associates, Inc." seeking judgment jointly and severally against both defendants for the amount of $3,053.75. Count 2 involves only plaintiff Hare with alternative pleadings to Count 1.

Motions for summary judgment by all concerned were filed and ordered heard jointly on an agreed stipulation of facts containing, in general, the above information. The defendants' joint motion for summary judgment was granted, and the joint motion for summary judgment of plaintiffs denied. Only the plaintiff MPI Corporation appeals. *Held:*

1. Since the plaintiff Hare has not appealed the grant of summary judgment as to his pleadings in the alternative in Count 2 seeking to reform the contract based upon a mutual mistake of fact of the parties, the reformation sought therein is not now before the court on appeal which would have rendered jurisdiction of this case in the Supreme Court. See Code Ann. §§ 2-3104, 2-3108 (Constitution of 1976, Art. VI, Sec. II, Pars. IV and VIII). Accordingly, this court proceeds to a consideration of whether or not the summary judgment was properly granted in favor of the defendants and against the plaintiff MPI Corporation.

2. No person, including the plaintiff herein, shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any acts of a real estate broker or agent "without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." Code Ann. § 84-1404 (Ga. L. 1973, pp. 100, 104). At the

time the above real estate contract was executed the plaintiff herein was not a licensed real estate brokerage firm. See Code Ann. § 84-1402 (Ga. L. 1973, pp. 100, 102); *Clark v. State,* 138 Ga. App. 266, 270 (6) (226 SE2d 89).

However, the issue here is based upon when the alleged cause of action arose which is the complaint by and between the plaintiff MPI Corporation and the defendant Northside Realty Associates, Inc. and defendant Cohn, the closing attorney. This is not a suit on a real estate contract. The entire commission had been collected at closing from the sellers, and the issue remains as to whom the collected funds belonged at the time of closing as between the parties. Admittedly MPI was a licensed brokerage firm at that point in time. The commission funds were collected by the closing attorney. This action involves a dispute between the brokers and the closing attorney as to what to do with the funds. Accordingly, the court erred in granting summary judgment in favor of the defendants.

3. There is an allegation in the petition that all of the commission was paid to the defendant Northside Realty Associates, Inc. which was denied by each defendant. There is no proof before the court on motion for summary judgment or in the stipulation of facts that this has occurred. An issue of fact remains by and between the plaintiff and the defendants as to the sum sued upon here as to whether it is in the possession of the closing attorney or the defendant Northside Realty Associates, Inc. Accordingly, the trial court did not err in denying summary judgment in favor of the plaintiff.

. *Judgment affirmed in part and reversed in part. Banke and Underwood, JJ., concur.*

SUBMITTED JULY 11, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 26, 1979 —

*Robert S. Windholz,* for appellant.
*J. Michael Campbell,* for appellees.