35660. NORTHSIDE REALTY ASSOCIATES, INC. et al. v. MPI CORPORATION.

CLARKE, Justice.

Certiorari was granted to review the decision in Division 2 of the Court of Appeals opinion in *MPI Corp. v. Northside Realty Assoc., Inc.,* 151 Ga. App. 516 (260 SE2d 499) (1979). This action originated as a suit by MPI Corporation and William J. Hare, a licensed broker, to recover a real estate commission allegedly due under a contract for the sale of realty in which MPI Corporation was a co-broker with Northside Realty Associates, Inc.

The contract for sale between the purchaser and seller provided that the seller would pay a seven percent commission to the broker. It further provided that the contract would be a "75% co-op between Northside Realty Associates, Inc. and 25% MPI Corporation, William J. Hare, Broker."

At the time the contract was entered into, MPI was not licensed as a real estate broker although Mr. Hare, MPI's president, was a certified broker at the time MPI executed the agreement. The contract was signed on June 12, 1978 and MPI was certified as a licensed broker on June 30, 1978. The sale was closed on July 14, 1978 at which time the sum of $12,215 was deducted from the seller's funds. Northside Realty Associates, Inc. instructed the closing attorney, Sanford Cohn, not to pay MPI its 25%. MPI was not paid.

MPI and William Hare each brought suit in respective counts against Northside Realty Associates, Inc. and Cohn seeking joint and several judgment against them for wrongfully withholding 25% of the commission fee at closing. The trial court granted defendants' motions and denied the plaintiffs' motions on the grounds that Mr. Hare signed in his capacity as president of the corporation and MPI was not licensed at the time the cause of action

arose. Hare filed no appeal, but MPI Corporation appealed the judgments and the Court of Appeals reversed.

In reversing, the court held that Code Ann. § 84-1404 (a) did not bar MPI from suing for a commission since the cause of action for the commission arose at closing. With this interpretation we disagree. Code Ann. § 84-1404 (a) provides: "No person shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." The term "person" includes corporations. Code Ann. § 84-1401 (e). The issue here is whether the cause of action arose at the time of closing or upon the execution of the contract. Code § 84-1402 (b) provides in part: ". . . it shall be unlawful for any person, directly or indirectly, to engage in or conduct, or advertise, or hold himself out as engaging in or conducting the business, or act in the capacity of real estate broker, associate broker or a real estate salesman within this State without first obtaining a license . . ." Real estate brokers are required to be licensed in order to provide public protection through the regulation of the activities of the brokers. The activity in this case is the securing of a seller and buyer and the negotiation of the contract. By its own admission, MPI was not a licensed broker at the time the property was listed for sale or at the time MPI negotiated and signed the sales contract.

A broker earns his commission when he secures a purchaser ready, willing and able to buy on the seller's terms. Code Ann. § 4-213. The contract signed by these parties provides that broker has performed valuable services and shall be entitled to a commission for securing said contract. The final act of closing the sale is not a condition precedent to the broker's right to a commission if he has secured a binding contract of sale. *Odell v. Dozier,* 104 Ga. 203 (30 SE 813) (1898); *Mueller Realty Co. v. Tucker Real Estate Co.,* 131 Ga. App. 54 (205 SE2d 61) (1974). While we do not decide who will be finally entitled to the money in question, we hold that MPI Corporation may not sue to recover commissions that were earned at a

time MPI was not a licensed broker.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only and Hill, J., who is disqualified.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 26, 1980.

*D. Daniel Kleckley*, for appellants.
*Robert S. Windholz*, for appellee.