59218. GIBBS et al. v. BROWN et al.
59219. BROWN v. GIBBS et al.

SHULMAN, Judge.

Plaintiffs, Stan Gibbs (a realtor) and Gibbs Properties, Inc. (a realty company) (hereinafter jointly referred to as "Gibbs"), brought suit against Roger G. Brown, individually, for breach of a purported oral contract of agency; and against Brown, Standard Federal Savings & Loan Association, and First Federal Savings & Loan Association, jointly, for conspiracy to defraud Gibbs of a real estate commission. On the main appeal we reverse the grant of defendants' motion for directed verdict on plaintiffs' claim of conspiracy. On the cross appeal we affirm the verdict and judgment entered against defendant-Brown.

The facts are as follows. Gibbs entered into a written contract

with T. R. Heard, Inc. (hereinafter "Heard") granting Gibbs a four-month exclusive listing to sell certain apartments owned by Heard, which property was subject to a mortgage held by defendants First Federal Savings & Loan Association and Standard Federal Savings & Loan Association (hereinafter "S&Ls"). After the expiration of such listing, Gibbs showed the apartments to defendant Brown and Brown's partner in business, Rickard; whereupon, Gibbs claims, the partnership agreed to pay Gibbs a commission if it purchased the property. Although the partnership subsequently dissolved (though both Brown and Rickard maintained interest in the property), Gibbs claims that, with Brown's acquiescence, he continued to represent Brown's interest in the purchase of the apartments. Before a purchase of the apartments was consummated, however, the S&Ls received a quitclaim deed from Heard for the property (in lieu of foreclosure), thereafter selling the property to defendant-Brown under a contract requiring the buyer (Brown) to pay any real estate brokerage commission fees resulting from the purchase of the property. This action followed Brown's refusal to pay Gibbs a commission upon his purchase of the property.

1. Plaintiff Gibbs contends that in view of the evidence supporting his claim that the S&Ls, in conjunction with Brown, conspired to defraud plaintiff of his real estate commission, the court erred in granting defendants' motion for directed verdict. We agree.

Although Gibbs concedes that he was not the agent of the S&Ls and not entitled to a commission from such associations, Gibbs contends, nevertheless, that defendants conspired to defraud him of his real estate commission.

In support of this contention, Gibbs presented evidence that he and Brown entered into an oral contract of agency (which provided for Gibbs to receive a commission for his services in procuring the property for Brown) and that the S&Ls were aware of such agreement. Gibbs presented evidence that his commission was discussed at various meetings with Brown and officers of the S&Ls (though no decision as to the mode of payment was reached prior to the transfer of ownership of the property by quitclaim deed to the S&Ls). The evidence also showed that Brown apparently did not have the cash to pay the commission at the time of the closing; and that he incurred substantial savings by not paying the commission. See *Charles A. Mueller Realty Co. v. Tucker Real Estate Co.*, 131 Ga. App. 54 (2) (205 SE2d 61).

Further, the evidence showed that it was in the interest of the S&Ls to issue a new loan to Brown rather than to allow Brown to

assume Heard's delinquent mortgage (which resulted in the purchase of the property through the S&Ls, rather than from Heard). Moreover, by receiving a quitclaim deed from Heard instead of foreclosing on the property, the S&Ls were thus able to avoid a public sale of the apartments and to sell the property directly to Brown.

In support of appellants' contentions of a conspiracy, there was evidence that while negotiations for the sale of the property originally included Gibbs, he was excluded from such negotiations less than a month prior to the issuance of a quitclaim deed to the S&Ls. See *Charles A. Mueller Realty Co.,* supra.

In view of the evidence of the S&Ls' awareness of Brown's alleged agency agreement with Gibbs and in view of the evidence authorizing an inference that defendants shared the intent to defraud Gibbs of his real estate commission, we must conclude that enough circumstances appear in evidence to necessitate the submission of the issue of conspiracy to defraud to the jury. Id. *Budd v. Saddler Realty, Inc.,* 150 Ga. App. 148 (1) (257 SE2d 1), does not compel a contrary result, since in *Budd* there was no legally sufficient evidence that the party who had not commissioned the broker as his agent was aware of any arrangement for a commission on the sale of the property. If there is no evidence that a party has knowledge that a broker is involved in negotiations for the sale of property, that party could not have a shared intent to defraud such broker of his commission.

Since there was evidence in the case at bar that the S&Ls conspired in conjunction with defendant-Brown to wrongfully deprive Gibbs of his commission, the court erred in directing a verdict on behalf of defendants.

2. By way of cross appeal, cross appellant Brown contends that the judgment in favor of Gibbs for breach of contract was error in that the evidence did not show any agreement with Brown to act as his agent or broker. We disagree.

Although conflicting, the evidence was sufficient to support the jury's determination that Gibbs had been engaged as Brown's agent to procure, and had procured, the sale of the property to Brown. See generally *First Nat. Bank &c. Co. v. McNatt,* 141 Ga. App. 6 (2) (232 SE2d 356).

This being so, the evidence authorized the finding that defendant Brown was liable to Gibbs in the amount of the promised commission.

Contrary to cross appellant's contentions, the fact that the alleged agreement was silent as to whether the commission was to be paid to Stan Gibbs or Gibbs Properties, Inc., does not render the

parties' oral agreement void for vagueness, since the evidence showed that Stan Gibbs and Gibbs Properties, Inc., were for all intents and purposes the same contracting party, and that any commission owed would be owed to them jointly.

Moreover, since the evidence did not demand the finding that Gibbs wrongfully acted as agent for adverse interests, Gibbs was not precluded from recovering his commission from Brown on that basis. See *Ballew v. Ware & Harper,* 16 Ga. App. 149 (1) (84 SE 597); *Winer v. Flournoy Realty Co.,* 27 Ga. App. 87 (3) (107 SE 398).

Nor do we find reversible error in the fact that defendant was not specifically named in the verdict and judgment. Since defendant Brown was the only party defendant in the suit at the time of the verdict and judgment (the others having been granted a directed verdict), there can be no doubt that the verdict and judgment were applicable only to defendant Brown.

*Judgment reversed in Case No. 59218; affirmed in Case No. 59219. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Banke, Birdsong and Sognier, JJ., concur. Carley, J., dissents.*

ARGUED JANUARY 8, 1980 — DECIDED MAY 14, 1980 —

*Jane Kent Plaginos,* for appellants (Case No. 59218).
*Douglas Stewart, James M. McDaniel, Terrence Lee Croft,* for appellees (Case No. 59218).
*James M. McDaniel,* for appellant (Case No. 59219).
*Terrence Lee Croft, Douglas Stewart, Jane Kent Plaginos,* for appellees (Case No. 59219).

CARLEY, Judge, dissenting.

I respectfully dissent from the result reached in Division 1 of the majority opinion. As the majority notes, "Gibbs concedes that he was not the agent of the S&Ls and not entitled to a commission from such associations . . ." However, the majority proceeds to determine that the evidence introduced at trial showing that the S&Ls conspired to defraud Gibbs of his real estate commission was sufficient to withstand the S&Ls' motion for directed verdict.

"A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the

resulting damage. *Martha Mills v. Moseley,* 50 Ga. App. 536, 538 (2)(179 SE 159). Thus, *where the act* of conspiring *is itself legal, the means or method of its accomplishment must be illegal and tortious."* (Emphasis supplied.) *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (183 SE 105) (1935). Here, the claim of Gibbs is for a commission allegedly owed by Brown. The only claim vis-a-vis the S&Ls is that said associations conspired with Brown to prevent Gibbs from obtaining his commission. However, Gibbs relies upon the fact that he was not apprised of or invited to attend the closing and that he was excluded from the negotiations. It is important to remember that the S&Ls had no dealings with Gibbs, Gibbs' original contact being with the S&Ls predecessor in title. Although the majority relies upon the evidence that the S&Ls knew that Gibbs had acted in his capacity as broker in connection with previous proposed transactions, no authority is cited for the proposition that a broker must be invited to a closing or allowed to participate in negotiations instigated by a seller with whom he has no privity. I submit that there *is* no authority for such a theory. Even if all parties to a sale recognize that a broker is entitled to a commission, there is no requirement that such broker be invited to be present at the consummation of the transaction. If a broker has a valid claim for a commission against any party or parties and the commission is not paid, the broker can enforce his right through a civil action just as Gibbs has done here against Brown. Since Gibbs was not a party to the sale, his presence or absence at the closing is immaterial.

In order for Gibbs to have a viable claim that the S&Ls conspired to cause damage to Gibbs, he must show that the S&Ls acted *unlawfully* to Gibbs' detriment. The contention that the S&Ls surreptitiously sought to prevent Gibbs from claiming a commission is totally refuted by the uncontroverted fact that in the contract of sale between the S&Ls and Brown the S&Ls specifically foresaw the possibility of a claim against Brown and forthrightly provided that "[p]urchaser agrees to pay any real estate brokerage commission which may become payable due to this transaction." The inclusion of such specific language is inconsistent with the existence of any S&L conspiracy. Moreover, since by signing the contract Brown recognized the possibility of a commission claim which he would have to pay, this provision could have influenced the jury's decision to return a verdict against Brown.

In *Charles A. Mueller Realty Co. v. Tucker Real Estate Co.,* 131 Ga. App. 54 (205 SE2d 61), relied upon by the majority, there was no contractual language inserted by the parties sought to be charged with conspiracy requiring that the other party pay any claim for

real estate commission which may be asserted. More importantly, in *Mueller* the contract between the defendants not only failed to provide for a commission to Tucker Real Estate Co. (plaintiff), it specifically provided for a commission to Mueller. Under these circumstances it was properly held that there was a jury question as to whether the defendants conspired to benefit Mueller and damage the plaintiff. Also the holding in *Mueller* affirmed the denial of a motion for summary judgment and did not involve a trial court ruling on a motion for directed verdict at trial. For these reasons, it is my opinion that *Mueller* is distinguishable and not controlling.

"Where a plaintiff in a civil case supports his case solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied on. There must be more than a 'scintilla' of circumstances to carry the case to the jury. It is for the court to say whether the circumstances reasonably establish the hypothesis relied on by the plaintiff." *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (2) (129 SE2d 408) (1962). See also *Old Colony Ins. Co. v. Dressel*, 220 Ga. 354, 358 (138 SE2d 886) (1964). Based upon the record before the trial court in this case, it is clear that the plaintiff relied solely upon circumstantial evidence and, in directing a verdict, the trial court found that the evidence did not reasonably establish the theory relied on. As recognized by this court in *Mueller*, supra, 58, "there are situations where a motion for summary judgment will be denied even though the same facts would authorize the direction of a verdict." In my opinion, the facts in this case authorize the direction of a verdict and I believe such ruling by the trial court should be affirmed. Therefore, I respectfully dissent.