70219. FEAGIN v. FEAGIN.
(330 SE2d 410)

McMURRAY, Presiding Judge.

Appellant Rita Feagin and appellee Ned Feagin were divorced in 1982. The judgment incorporated a separation agreement executed by the parties. The agreement provided that the appellee was responsible for his children's tuition so long as they attended a school of the appellee's choice. A dispute arose between the parties concerning the meaning of the separation agreement. The appellant sought a declaratory judgment to interpret the agreement. The question was whether the appellee could choose to send the parties' children to public school; or whether the appellee's choice was limited to a private school. The following verdict was rendered by the jury in the declaratory judgment action: "We, the jury, find in favor of Mrs. Rita Feagin and find that the parties' children shall attend the *private* school of Mr. Feagin's choice, and he shall be responsible for the tuition at the *private* school." (Emphasis supplied.)

The appellee designated Stratford Academy as his private school choice. The children attended Stratford for the 1982-1983 school year and the appellee paid the Stratford tuition. (The children had previously attended Stratford and the appellee elected to keep the children in that school.) Thereafter, the appellee paid the registration fee at Stratford to reserve a place for the children for the following school year (1983-1984). He did not, however, pay the tuition installment payments at Stratford during the summer of 1983.

Prior to the start of the 1983 school year, the appellee wrote the appellant as follows: "Due to financial condition, I will not be able to pay for schooling at Stratford. The school of my choice for the future will be the public school system. To contact me concerning this is neither necessary nor desirable."

The appellant telephoned the appellee to discuss the situation

but the appellee refused to speak to the appellant. The appellant did not send her children back to Stratford. Instead, she enrolled the children at a private school known as Jonesco Academy and she paid the tuition for the children at that school. (One of the reasons the appellant sent the children to Jonesco was that the tuition was less than the tuition at Stratford and she thought that that was a better choice in view of the appellee's financial condition.) The appellee refused to reimburse his ex-wife for the amount of tuition she paid at Jonesco. Thereafter, the appellant brought this garnishment action seeking the amount of tuition ($1,528) which she expended. The appellee traversed the garnishment petition and a hearing was held upon the traverse.

The trial court entered findings of fact and conclusions of law. In essence, the trial court determined that the appellee was not obligated to pay tuition unless the children attended the school of his choice; that the appellee initially chose Stratford; that, in the absence of another private school choice, the appellant should have returned the children to Stratford; and that, since the children did not attend the school of the appellee's choice, he was not liable for the tuition payments. The appellant sought appellate review pursuant to OCGA § 5-6-35 (a). We granted appellant's discretionary appeal application. *Held*:

The trial court determined that the appellee cannot be deemed liable for the tuition because the condition precedent (that the children be enrolled in a private school of his choice as determined by the jury in the declaratory judgment action) was not performed. We disagree.

" 'A breach of contract may arise in any one of three ways, namely: by renunciation of liability under the contract; by failure to perform the engagement; or by doing something which renders performance impossible.' [Cit.]" *Cooley v. Moss*, 123 Ga. 707, 708 (51 SE 625). In our view, the appellee himself breached the contract by rendering performance of the condition precedent impossible. The appellee informed his former wife (appellant) that he could not afford the tuition at Stratford and that he was choosing the public school system for his children. This was not a valid "choice." The appellant attempted to find a suitable alternative, but the appellee would not consider it. Accordingly, the appellant was justified in choosing a private school (which cost less than Stratford) on behalf of the appellee. The appellee should not be allowed to frustrate performance of the condition precedent by not making a choice and then contend the appellant did not send the children to a private school of his choice. Compare *Moore v. Moore*, 235 Ga. 512 (220 SE2d 133).

The trial court erred in sustaining the traverse and in dismissing appellant's garnishment action.

476

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED APRIL 3, 1985.

*Russell M. Boston*, for appellant.
*Martha C. Christian*, for appellee.