A97A0665, A97A0666. SCREVEN v. DRS. GRUSKIN & LUCAS, P.C. et al.; and vice versa.

(490 SE2d 422)

BEASLEY, Judge.

 In Case No. A97A0665, plaintiff Shirley Screven appeals the court's grant of summary judgment to defendant Lucas and his professional corporation, Drs. Gruskin & Lucas, P.C. ("Doctors"), as to all of her medical malpractice claims. In Case No. A97A0666, Doctors and Lucas appeal the court's amended order which denied summary judgment to them on one of Screven's claims.

 The following facts are undisputed. In 1985, oral surgeon Lucas implanted a Proplast-Teflon device in Screven's jaw to correct a dysfunction of her temporomandibular joint ("TMJ"). She last consulted with Lucas in 1986. On February 29, 1993, Lucas sent a letter to Screven, dated December 31, 1992, advising her to see an oral surgeon. He enclosed a public health notice from the federal Food & Drug Administration ("FDA") concerning fragmentation and degeneration problems with her type of TMJ device. The FDA notice was dated September 1991. Lucas explained the delay between the FDA notice and his letter to Screven as resulting from the difficulty in discerning which patients had received Proplast implants, his investigation to make certain further action was warranted, and his office's administrative processing. There were earlier notices sent to oral surgeons from the FDA and the implant manufacturer, but Lucas deposed he had not seen them.

 Screven filed suit against Lucas and Doctors on February 15, 1994. Lucas and Doctors moved for summary judgment based on the two-year statute of limitation and the five-year statute of repose found in OCGA § 9-3-71 (a) & (b). The court analyzed and ruled on Screven's claims in three categories: claims related to the 1985 surgery were barred by the statute of repose; the claim for a failure to warn of the degenerative condition of the implant before the FDA issued warnings was barred by the statute of limitation, which was not tolled by fraud, see OCGA § 9-3-96; and the claim for failure to warn arising after the FDA's warnings was barred by the statute of limitation, as evidence showed she had knowledge of the FDA warnings in May 1991. Based thereon, the court granted summary judg-

ment to Lucas and Doctors on all grounds.[1]

Nearly a month later, the court amended its order to readdress the claim for failure to warn after the FDA notices were issued. Originally, the court ruled that Screven's testimony that she had no notice of the recall until she received Lucas' letter was contradictory to other statements she made and construed that contradiction against her. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). In doing so, the court looked to testimony by a nurse at Kaiser Permanente to the effect that on May 31, 1991, Screven stated she knew of the TMJ recall, which countered Screven's own testimony that she did not know of the recall. See *Bridgestone Firestone v. Green*, 198 Ga. App. 858, 860 (2) (403 SE2d 442) (1991) (physical precedent). Screven denies such a statement and also denies making any contact with Lucas' office in June 1991 with questions about her implant, as Lucas had averred. The court, recognizing that this created a factual dispute, a conflict in the evidence, reinstated Screven's claim for failure to notify her after Lucas received the FDA notice.

Lucas and Doctors applied for interlocutory review of the amended order, which we granted. See OCGA § 5-6-35 (b). We address their appeal first.

### Case No. A97A0666

1. Screven filed her notice of appeal the day before the court entered its amended order. "[T]he filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). Accord *Anaya v. Brooks Auto Parts*, 208 Ga. App. 491, 493 (1) (430 SE2d 825) (1993). See OCGA § 5-6-46 (a). The amended order is void.

### Case No. A97A0665

2. Although the court addressed Screven's claims in three categories, on appeal she argues only that the third category, the claim for failure to notify after Lucas received the FDA notice, should survive summary judgment.

OCGA § 9-3-71 (a) requires suit "within two years after the date

---

[1] The court ruled that Mr. Screven's loss of consortium claim was not completely barred by the statute of limitation, see OCGA § 9-3-33, and he is not a party to Screven's appeal.

on which an injury" occurs as a result of a negligent or wrongful act or omission. The limitation period "begins to run on the date on which an injury arising from an act of malpractice occurs and physically manifests itself, rather than when the plaintiff discovers the causal relationship between the injury and the defendant's breach of duty. [Cit.]" *Oxley v. Kilpatrick*, 225 Ga. App. 838, 839-840 (486 SE2d 44) (1997).

Screven counts the limitation period as beginning the day she received Lucas' letter concerning the TMJ in February 1993. Her February 15, 1994 suit would then be timely filed. Lucas and Doctors contend the period began to run, at the latest, in September 1991 when Lucas received the most recent FDA notice about the implants and failed to immediately notify his patients. Lucas and Doctors argue that at that time, Screven was experiencing pain and related symptoms from her implant and, as her injuries were physically manifested then, she had until September 1993 to file suit, which she did not do.

Defendants' position fails. Although Lucas and Doctors point to Screven's testimony that, as early as 1986, she suffered the same symptoms she suffers now, there is no evidence these symptoms are the result of a degenerating Proplast implant. She suffered headaches both before and after her surgery, and she has since experienced eye problems, chronic infections, respiratory and sinus problems, nausea, fatigue, allergies, and pulmonary problems. Screven is also under treatment for epilepsy. Although defendants point to the fact Screven consulted other doctors and dentists, see *Bryant v. Crider*, 209 Ga. App. 623, 627 (3) (434 SE2d 161) (1993), she has no recollection of seeing an oral surgeon since her last examination by Lucas in 1986.

Moreover, the fact that Screven may have suffered the same symptoms prior to receiving Lucas' letter is not dispositive of her failure to warn claim. Rather, it supports the conclusion that this injury did not manifest itself before the letter arrived. The injury here is any exacerbation caused by the delay in notifying her; the failure to warn claim does not relate to the original surgery or to any negligence in choosing the Proplast implant. Between 1991 and receiving Lucas' letter in 1993, Screven "suffered no further symptoms," *Whitaker v. Zirkle*, 188 Ga. App. 706, 707 (1) (374 SE2d 106) (1988), and therefore no manifestation of the injury of the degeneration of the implant. Lucas' letter did not cause her injury; she had a degenerating implant all along but did not know it. Viewing the evidence in her favor, it was not until she received the letter that anything changed about the information she held. The evidence is in dispute whether she knew in 1991 of the recall.

The questions are: when did Screven's injury occur, and when

did she know of it? See *Whitaker*, supra at 707-708. Although she was theoretically injured in September 1991 when Lucas failed to warn her, she had no knowledge of that. Commencing the limitation period in September 1991, as Lucas and Doctors would do, would put upon Screven the responsibility to initiate suit based on an event that gives her no notice. When Lucas received the FDA notice, nothing changed in Screven's ken; she felt nothing different from what she already felt. Before September 1991, she had a deteriorating implant. After September 1991, she continued to have a deteriorating implant, with no change in her symptoms. Simply noting that a condition existed before then, and that Screven was aware of that condition, does not address notice of injuries caused by the delay.

"When an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered. [Cit.]" *Whitaker*, supra at 708 (1). That was February 1993, and Screven's suit for failure to warn after Lucas received the FDA notice is timely. It was error to grant summary judgment on that claim. To the extent that Screven can show an injury arising from the delay in notifying her, such as that it is now inoperable, she presents an issue for a jury.

In *Allen v. Belinfante*, 217 Ga. App. 754, 756 (3) (458 SE2d 867) (1995), the rule of *Zechmann v. Thigpen*, 210 Ga. App. 726, 728 (3) (437 SE2d 475) (1993), cert. denied, 210 Ga. App. 903 and *Whitaker v. Zirkle*, supra at 708 (1), did not apply. That is to say, the injury did not occur "subsequent" to the dates of the medical treatment so as to begin the statute of limitation from the date the injury was discovered. Instead, in *Allen* the injury which was alleged occurred at the time of the failure to warn. Allen asserted that fraud tolled the statute, but there was no evidence of such. Screven asserts that the injury developed after the failure to warn; she does not depend on a tolling of the statute by fraud.

*Judgments reversed. McMurray, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED JULY 11, 1997 —
RECONSIDERATION DENIED JULY 30, 1997 — 

*Alexander J. Repasky, David M. Toolan, Michael A. Cole*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith, David D. Cookson*, for appellees.