A98A2252, A98A2253. BRYAN v. BROWN CHILDS REALTY COMPANY, INC.; and vice versa.
(513 SE2d 271)

McMURRAY, Presiding Judge.

Plaintiff Brown Childs Realty Company, Inc. ("Childs") filed this action against defendant Bryan seeking declaratory judgment, injunctive relief, damages, and cost of litigation. The action is based on a contract between the parties concerning commissions arising from sales of real estate.

The contract upon which plaintiff relies was negotiated and executed in connection with defendant's purchase of a tract of approximately 128.5 acres. This "REALTOR'S COMMISSION AGREEMENT" recites that, in addition to certain compensation to be paid by the sellers of the 128.5-acre tract, Childs (the plaintiff herein) "is entitled to additional compensation, both for being the procuring agent of the sale, as well as [plaintiff's] willingness to enter into a listing agreement with [defendant] under which [plaintiff] will market the subject property for resale. . . ." The agreement provided for a deferred payment to plaintiff of $1,000 per acre as the property is closed at resale and for an exclusive listing agreement providing for a commission of six percent on any acceptable contract for the sale of all or a portion of the property. There is additional provision for an equal sharing by plaintiff and defendant of the sum remaining after sales proceeds are reduced by plaintiff's six percent commission, plaintiff's $1,000 per acre deferred commission, defendant's closing costs, defendant's acquisition cost, and defendant's profit. This contract between plaintiff and defendant was executed on August 14, 1992.

Plaintiff's attempts to resell the property were unsuccessful, and no acceptable contract was submitted to defendant prior to March 13, 1996, when defendant entered into an option contract with a potential purchaser for a portion of the property. Plaintiff was not the procurer of the option contract and requested defendant's assurances that their 1992 contract would be honored. Plaintiff filed this action

after defendant asserted that the 1992 contract was void and unenforceable.

Subsequently, plaintiff moved for partial summary judgment on four issues. Initially, plaintiff's motion was denied as to three issues. The remaining issue, which was also the subject of an opposing motion for partial summary judgment by defendant, was whether plaintiff had standing to seek enforcement of the 1992 contract in the light of the statutory licensing requirements for real estate brokers and salespersons. See OCGA § 43-40-24. The superior court granted plaintiff's motion for partial summary judgment on the standing issue and denied defendant's motion for partial summary judgment resulting in the main appeal by defendant, Case No. A98A2252.

On January 28, 1996, approximately three weeks after the entry of the original order on the opposing summary judgment motions and after the filing of defendant's notice of appeal, the superior court entered an amendment to the earlier summary judgment order. In the amended order, the superior court finds as a matter of law that the agreement between the parties does not create an equitable interest for the plaintiff in the property owned by defendant. This amendment addresses one of the three grounds for partial summary judgment which were raised by plaintiff and initially denied. The change is in effect a grant of partial summary judgment to defendant on this issue. In Case No. A98A2253, plaintiff appeals both the original and amended orders of the superior court on the summary judgment issues. *Held*:

1. In the main appeal, Case No. A98A2252, the sole enumeration of error maintains that pursuant to OCGA § 43-40-24 (b), the plaintiff lacked standing to pursue its claim for real estate commissions because the real estate agent, Brown Childs, was not duly licensed. OCGA § 43-40-24 (b) provides that: "No broker shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that any person acting in the broker's behalf was duly licensed in Georgia at the time the alleged cause of action arose." Brown Childs is plaintiff's salesperson and was the only representative of the plaintiff realty company to deal with defendant. The Georgia Real Estate Commission placed the real estate salesperson's license of Brown Childs on inactive status on April 1, 1992. "Any licensee whose license has been placed on an inactive status may not engage in the real estate brokerage business except in connection with property owned by the licensee." OCGA § 43-40-12 (g). Compare OCGA § 43-40-29 (a).

The license of Brown Childs was returned to active status on June 10, 1996. Plaintiff maintains that under the plain language of OCGA § 43-40-24 (b), the interval during which Brown Childs'

license was inactive is of no consequence since it had been returned to active status prior to the time the alleged cause of action arose. This is correct, and the superior court was correct to determine that the provisions of this statutory subsection do not bar plaintiff's claims. (We need not reach the further question of whether the entire contract being sued upon is a brokerage contract subject to OCGA § 43-40-24 (b), or whether some portions of the contract are in the nature of a promissory note given for past services. See *Azar-Beard & Assoc. v. Wallace*, 146 Ga. App. 671-672 (1) (247 SE2d 154).)

In so holding, we do not disregard the clearly stated public policy of Georgia that certain enumerated services connected with real estate be performed by licensed persons. See *Northside Realty Assoc. v. MPI Corp.*, 245 Ga. 321, 322 (265 SE2d 11); *Atlanta Apt. Investments v. New York Life Ins. Co.*, 220 Ga. App. 595 (469 SE2d 831). And for purposes of opposing a motion for summary judgment, the evidence in the case sub judice must be construed as showing a number of violations of that public policy by Brown Childs and by his principal, the plaintiff. Nonetheless, for purposes of applying OCGA § 43-40-24 (b), we are concerned under the provisions of the statute with only that point in time when the alleged cause of action arose.

The earliest date upon which plaintiff's cause of action could be deemed to have arisen was November 8, 1996, when defendant acting through his attorney repudiated the 1992 contract. See *Feagin v. Feagin*, 174 Ga. App. 474, 475 (330 SE2d 410). On this date and thereafter, the real estate salesperson's license of Brown Childs was active, and consequently OCGA § 43-40-24 (b) provides no bar to plaintiff's claim.

We have examined the authority cited by both parties and find that these cases may invariably be distinguished on the facts, in most instances, because they involve brokers or salespersons who lacked the appropriate licenses and whose status in this regard did not vary. However, one of these cases does involve a change in licensing and may be somewhat instructive in relation to the case sub judice.

In *Northside Realty Assoc. v. MPI Corp.*, 245 Ga. 321, supra, an unlicensed corporation served as co-broker in a contract for the sale of realty. The corporation became a licensed broker after the signing of the sales contract and before the date upon which the sale was closed. The Supreme Court of Georgia carefully enunciated the strong public policy interest involved in the licensing of those who conduct certain aspects of real property transactions and noted the statutory bar to any person bringing an action for compensation for the performance of such acts without alleging and proving that he was a duly licensed broker or salesperson. Nonetheless, the decision of the case was based entirely upon application of the statutory lan-

guage, with the holding that compensation was barred because the claim arose at the signing of the contract which was prior to that corporation obtaining a broker's license. The opposite result must be reached in the case sub judice because Brown Childs was properly licensed at the time plaintiff's cause of action arose.

2. The cross-appeal, Case No. A98A2253, must be dismissed. Defendant filed his notice of appeal five days before the superior court entered its amended order. " 'The filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.' *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). Accord *Anaya v. Brooks Auto Parts*, 208 Ga. App. 491, 493 (1) (430 SE2d 825) (1993). See OCGA § 5-6-46 (a)." *Screven v. Drs. Gruskin & Lucas, P.C.*, 227 Ga. App. 756, 757 (1) (490 SE2d 422). See also *Deans v. Dain Mgmt.*, 201 Ga. App. 466, 468 (411 SE2d 354). The amended order is void, and we lack jurisdiction to consider the appeal.

*Judgment affirmed in Case No. A98A2252. Appeal dismissed in Case No. A98A2253. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 2, 1999 —

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Susan W. Cox*, for appellant.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, James B. Franklin, Daniel B. Snipes*, for appellee.