36163. SEASE et al. v. SINGLETON et al.

BOWLES, Justice.

The history of this case is complex. Plaintiffs claimed to be the sole owners of a 77.769 acre tract of land in Liberty County. In order to clear title to the land, they sued John Arthur Roberts, Josie R. Sease, Ida G. Jones, Susie P. Maxwell Wade (hereinafter the Florida defendants), Charles Jones and Dorothy Jones (hereinafter the Georgia defendants). Plaintiff's complaint alleged that the Georgia defendants had wrongfully entered upon the land under color of a deed from the Florida defendants. Plaintiffs sought affirmatively (a) ejectment of the Georgia defendants, (b) damages for trespass from

the Georgia defendants, and (c) that the warranty deed from the Florida defendants to the Georgia defendants be removed from the court records *"as well as any other documents which defendants have caused to be placed upon the records of said Clerk which might create any cloud upon the title to the lands of the Plaintiffs."* (Emphasis supplied.) In an amended complaint, plaintiffs prayed that a deed upon which the Florida defendants based their title be stricken from the records.[1]

The Georgia defendants answered the complaint and appeared for trial. The Florida defendants apparently answered the complaint but when they did not appear for trial, the trial judge struck their pleadings. At the close of plaintiffs' evidence the trial court directed a verdict in favor of plaintiffs against the Florida defendants because of their default and directed a verdict in favor of the Georgia defendants against the plaintiffs. Judgment was entered to that effect (hereinafter the 1977 judgment). No appeal was taken from that part of the judgment which read "FURTHER ORDERED AND ADJUDGED that Plaintiffs have judgment against [the Florida defendants]." Plaintiffs appealed the directed verdict in favor of the Georgia defendants and obtained a reversal, this court finding an issue of fact for the jury. See *Singleton v. Roberts,* 239 Ga. 519 (238 SE2d 64) (1977). Upon retrial of the issues between plaintiffs and the Georgia defendants, a jury found in favor of the Georgia defendants. Plaintiffs did not appeal that judgment (hereinafter the 1978 judgment). In the course of the two trials, it became apparent that there were four parcels which made up the land in question, parcels A, B, C, and D. In the first two trials, the Georgia defendants only claimed title to parcels A and B. However, after the jury verdict in favor of the Georgia defendants, the trial judge entered the following judgment:

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED: (a) Except as to 'Parcel "C"' as shown thereupon, Plaintiffs have no title to nor claim against those lands shown upon that certain Plat. . .; nor, except as to 'Parcel "C"' as shown thereupon, do Plaintiffs have title to or claim against those lands shown upon that certain Plat. . ." Plaintiffs did not seek to have this judgment changed to read "except as to parcels C and D."

Subsequent to the 1978 judgment, the Florida defendants conveyed parcels C and D to the Georgia defendants by warranty

---

[1]We note here that no attempt was made to join the parties necessary to grant such relief. See Pindar, Ga. Real Estate Law (2d ed.) § 19-97.1; *Czyz v. Czyz,* 240 Ga. 806 (242 SE2d 585) (1978); *Neal v. Dover,* 217 Ga. 545 (1) (123 SE2d 760) (1962).

deed. The plaintiffs again sued both the Florida and Georgia defendants claiming that title to C and D was determined to be in plaintiffs by the 1977 and 1978 judgments. Despite the wording of the 1978 judgment, the trial court agreed with plaintiffs and entered a judgment in their favor holding that title to parcels C and D was in the plaintiffs. The court ordered the deed to parcels C and D from the Florida defendants to the Georgia defendants cancelled of record. The Georgia defendants appeal.

With great difficulty and without any assistance from appellants' brief, this court has sought to understand what happened in this case. We have studied the record compiled by appellants and ordered it supplemented to provide us with necessary information. We have studied the record compiled on the first appeal to this court. We conclude that this comedy of errors should come to an end.

The 1977 judgment did not place title to parcels C and D in plaintiffs by default. The Florida defendants did default but the judgment entered did not purport to place any title in plaintiffs, did not order any deeds cancelled of record, nor did it specify any other relief whatsoever. Resort to the pleadings is no help. The pleadings do not specify that the Georgia defendants only claim title to parcels A and B, thus leaving C and D to the Florida defendants. That information only comes out *after* the default occurs and a trial is held. Plaintiffs did not attempt to have the 1977 judgment made more specific nor did they appeal from that portion of the judgment. While "notice pleading" may cover a multitude of sins, a judgment must be specific enough for an individual without "inside" knowledge to understand it and this is especially so when a judgment is to be a muniment of title. See generally *Callaway v. Armour,* 208 Ga. 136 (1) (65 SE2d 585) (1951).[2]

Since the 1977 and 1978 judgments did not place title to parcels C and D in the plaintiffs, the issue of who has title to these parcels is still in the case. Therefore, the trial court erred in granting summary judgment to the plaintiffs.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 25, 1980 — DECIDED
SEPTEMBER 8, 1980.

*Bobby L. Hill,* for appellants.

---

[2]Furthermore, there is no indication that this judgment was recorded and indexed on the deed records in the Liberty County Clerk's office as required by Code Ann. § 110-515. See Pindar, Ga. Real Est. Law (2nd ed.) § 26-32.

*A. G. Wells, Jr.,* for appellees.