40883. JONES et al. v. SINGLETON et al.
(316 SE2d 154)

GREGORY, Justice.

This is a *pro se* appeal involving a dispute over title to four parcels of land. It is the third appearance of this case in this court. See *Singleton v. Roberts,* 239 Ga. 519 (238 SE2d 64) (1977) and *Sease v. Singleton,* 246 Ga. 278 (271 SE2d 187) (1980). Following our decision in *Sease v. Singleton,* a jury trial was held to determine title to two parcels of the land. The jury awarded the larger parcel to appellees and the smaller parcel to appellants. Both parties filed notices of appeal. The trial court dismissed both notices of appeal, concluding that under OCGA § 5-6-34 (a) (1), the case was not final as the issue of damages, raised by the pleadings of both parties, remained to be tried. The trial court also noted that an interlocutory appeal could not be taken under OCGA § 5-6-34 (b) because the case had not been certified for immediate review. Appellants thereafter filed a notice of appeal from the dismissal of the first notice of appeal. The trial court dismissed the second notice of appeal, and entered an order advising the parties that after a final judgment was entered on the issues of damages, each party would have the right "to place the entire matter before the Supreme Court."

Prior to the trial of damages the appellants filed a third notice of appeal, appealing the dismissal of their second notice of appeal. This

notice of appeal was not dismissed.

At the trial on the damages issue the appellants, appearing *pro se*, announced they would not participate in the trial of the case because the case was on appeal to this court. The record indicates that at least one of the appellants remained in the courtroom during the trial. The jury returned a verdict against the appellants in the amount of $80,000. The verdict was made the judgment of the trial court. The appellants timely filed a fourth notice of appeal from the judgment awarding damages to the appellees.

1. Appellants have filed neither enumerations of error nor a brief relating to the issues in this case. We observe, however, from the third and fourth notices of appeal, that the issue with which the appellants are concerned is the correctness of the trial court's orders dismissing their two earlier notices of appeal. In their fourth notice of appeal appellants allege the trial court erred in allowing the damages trial to proceed while they had three notices of appeal pending in this court.

The trial court properly dismissed appellants' first two notices of appeal since at the time they were filed, there was no final judgment in the case. OCGA § 5-6-34 (a) (1). No interlocutory appeal could be taken as the trial court did not certify the case for immediate review. OCGA § 5-6-34 (b).

2. As there is now a final judgment in this case, it is properly before this court on appeal. However, while the parties have followed the correct procedure in this case, they have not presented anything, other than the issue discussed in Division One, for this court to review.

Appellants' enumerations of error and brief address issues related to a condemnation action which has been adjudicated in Liberty County, but in which no notice of appeal was filed. Those issues are not properly before this court. Nowhere in appellants' brief or enumerations of error do they complain of error committed in either the jury trial deciding the issue of title to land or the trial in which damages were awarded against them. We therefore affirm the judgment of the trial court below.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1984.

Charles Jones, Dorothy Jones, *pro se.*
A. G. Wells, Jr., for appellees.