## 42616. CRAFT'S OCEAN COURT, INC. v. COAST HOUSE LTD. et al.
## 42685. MOBLEY v. COAST HOUSE LTD. et al.
### (338 SE2d 277)

Gregory, Justice.

Case No. 42616. In August 1982, Florrie Mobley entered into a written lease agreement with appellant Craft's Ocean Court, Inc., whereby Mobley agreed to lease to appellant a motel on St. Simons Island. The lease agreement provided it would terminate on August 31, 1983, and that "in the event the lessee should hold over beyond the term expressed with the consent or acquiescence of the lessor, then . . . that said holding over beyond the term shall be as a tenant from month to month, and may be terminated at any time . . . by the lessor giving to the tenant sixty days notice."

On May 31, 1985, Mobley, the president of appellant corporation, conveyed the motel by warranty deed to appellees for approximately $1.5 million. Thereafter appellant refused to relinquish possession of the motel to appellees, claiming that appellees purchased the motel with notice of appellant's right to remain in possession under the lease agreement.

On June 12, 1985, appellees made a demand for possession of the motel under OCGA § 44-7-50.[1] On June 18, 1985, appellant applied

---

[1] OCGA § 44-7-50 provides:

"In all cases where a tenant holds possession of lands or tenements over and beyond the term for which they were rented or leased to him or fails to pay the rent when it becomes due and in all cases where lands or tenements are held and occupied by any tenant at will or sufferance, whether under contract of rent or not, when the owner of the lands or tenements desires possession of the lands or tenements, the owner may, by himself, his agent, his attorney in fact, or his attorney at law, demand the possession of the property so rented, leased, held, or occupied. If the tenant refuses or fails to deliver possession when so demanded, the owner, his agent, his attorney at law, or his attorney in fact may go before the judge of the superior court, the judge of the state court, or the clerk or deputy clerk of either court, or the judge or the clerk or deputy clerk of any other court with jurisdiction over the subject mat-

for an interlocutory injunction to prohibit appellees from entering upon the motel property. This appeal arises from the trial court's denial of the injunction on June 27, 1985.

Under OCGA § 44-7-7, "Sixty days notice from the landlord . . . is necessary to terminate a tenancy at will." Further, Mrs. Mobley and the appellant contractually agreed that sixty days notice from the lessor would be sufficient to terminate appellant's tenancy under the lease. Appellant does not dispute the fact that appellees' demand for possession triggered the running of the sixty-day period. This period has now expired.

Therefore, it is not necessary to decide whether the trial court erred in denying appellant's application for injunction as the issue of whether appellant is entitled to possession under the lease agreement is moot.

*Case No. 42685.* On June 5, 1985 Mobley filed a complaint seeking, in Count I, to cancel the warranty deed to Coast House on the ground she signed it under duress and undue influence. In Counts II and III of the complaint Mobley seeks general and punitive damages resulting from these alleged injuries. When Mobley failed to comply with the trial court's order to tender the purchase money into the court registry, the trial court dismissed Count I of Mobley's complaint under OCGA § 9-11-54 (b).[2] The trial court's action left pending Mobley's complaint for damages as well as the counterclaim for damages and attorney fees filed by Coast House.

1. The trial court did not err in dismissing Count I of Mobley's complaint. "Equity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused." *Wilson v. McAteer*, 206 Ga. 835 (59 SE2d 252) (1950). See also OCGA § 23-1-10, and *Brown v. Techdata Corp.*, 238 Ga. 622, 627 (234 SE2d 787) (1977). Had Mobley prevailed on the merits, a court of equity would have required the return of the purchase price in its decree for the return of the real estate. We hold the court had the power to require the deposit of the purchase price into the registry of the court during the pendency of the litigation to ensure that its decree could have been carried out at the conclusion of the case.

2. The trial court dismissed Count I of Mobley's complaint on

---

ter, or a magistrate in the district where the land lies and make an affidavit under oath to the facts."

[2] OCGA § 9-11-54 (b) provides in part, "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment."

July 30, 1985. That same day Mobley moved the trial court to rule it had no jurisdiction over the pending issues while the dismissal of Count I of the complaint was on appeal to this court. The trial court denied that motion, and on August 1, 1985, Mobley filed her notice of appeal from these rulings.

On August 16, 1985, the trial court denied Mobley's motion for a protective order to prevent Coast House from deposing her as to the pending claims in the case. On the same day the trial court denied Mobley's motion for a continuance of a hearing on pending issues. On appeal Mobley argues the trial court did not have the authority to make these rulings. We do not agree.

In *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982), we held that a "notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." It is clear that the trial court had the authority to issue the orders complained of in this case. Such orders are presently interlocutory,[3] and will be subject to direct appeal when the trial court enters a final judgment in the cases pending below.

*Appeal dismissed in Case No. 42616. Judgment affirmed in Case No. 42685. All the Justices concur, except Weltner, J., disqualified.*

DECIDED JANUARY 8, 1986.

*Moreton Rolleston, Jr.,* for appellants.
*Austin E. Catts, Wallace E. Harrell, Terry L. Readdick, Philip R. Taylor, Jeffrey M. Smith, Albert N. Remler, John J. Ossick, Jr., James E. Graham,* for appellees.

---

[3] We note that Mobley filed an application for interlocutory appeal of these orders, No. 3364, which this court denied on September 5, 1985.