## 74518. WILLIAMS v. NATALIE TOWNHOUSES OF INMAN PARK CONDOMINIUM ASSOCIATION, INC.
(357 SE2d 156)

CARLEY, Judge.

In August of 1986, the trial court entered a non-final order in certain proceedings wherein appellant Williams was a party. Appellant did not first secure a certificate of immediate review and then apply to this court for an interlocutory appeal. Instead, within 30 days of the entry of the August 1986 order, appellant paid costs and filed a direct notice of appeal. Thereafter, the trial court did not enter an order which purported to dismiss appellant's direct notice of appeal from its August 1986 order. Compare *Jones v. Singleton*, 253 Ga. 41, 42 (1) (316 SE2d 154) (1984); *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (1) (357 SE2d 142) (1987). Instead, in February of 1987, the trial court found appellant in contempt of court for failure to obey its August 1986 order. Shortly thereafter, this court found that the August 1986 order was interlocutory and dismissed appellant's appeal from that order based upon the failure to comply with the requirements of OCGA § 5-6-34 (b). The appeal sub judice is that taken by appellant from the February 1987 order holding him in contempt of court.

1. There is a difference between a trial court's authority to end the pendency of an appeal and its authority to enforce an order that is the subject of a pending appeal. In certain circumstances, a trial court has jurisdiction to dismiss a pending appeal. *Jones v. Singleton*, supra. However, as noted above, the trial court did not enter an order which dismissed appellant's direct notice of appeal from its August 1986 order. Had the trial court done so, appellant's appeal from that order would no longer have been pending in this court and appellant would have been relegated to pursuit of whatever right he might have had to appeal from the order of dismissal. The first issue for resolution in this case is whether, during the pendency of appellant's appeal from its August 1986 order, the trial court retained jurisdiction not only to dismiss appellant's appeal but also to hold appellant in contempt for failing to obey that order.

"[P]ursuant to [OCGA § 5-6-46], a notice of appeal, with payment of costs, serves as a supersedeas of the judgment (unless supersedeas bond be required), and 'while on appeal, the trial court is without authority to modify such judgment.' [Cit.]" *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). "A supersedeas deprives the trial court of jurisdiction to take further proceedings towards the enforce-

ment of the judgment superseded. [Cits.]" *Tyree v. Jackson*, 226 Ga. 642-643 (177 SE2d 159) (1970). Appellee relies upon *Cohran v. Carlin*, 160 Ga. App. 762 (288 SE2d 81) (1981), aff'd 249 Ga. 510, supra, as authority for the proposition that, although appellant may have paid costs and filed a notice of appeal from the August 1986 order, there was no supersedeas of the order sufficient to deprive the trial court of jurisdiction to adjudicate appellant in contempt for his failure to obey it. In *Cohran*, this court did hold that, during the pendency of an appeal in this court, the trial court nevertheless retained jurisdiction to hold that the appellant in the pending appeal was in contempt for failing to obey *an order* of the trial court. This court based its holding upon the fact "that the attempted appeal . . . , not being from a final judgment nor upon the grant of a petition for interlocutory review, was a nullity." *Cohran v. Carlin*, 160 Ga. App., supra at 763. On certiorari, our Supreme Court affirmed the *judgment* of this court. However, the Supreme Court did *not* base its affirmance on the ground that the appeal which had been pending at the time of the appellant's contempt adjudication had been a nullity. The rationale of the Supreme Court's affirmance was that the contempt order had been entered by the trial court in connection with the main action, whereas the appeal that was pending at the time that the contempt order was entered had been taken in connection with the third-party action. A "notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. [Cits.] Assuming arguendo that the trial court's order was a grant of summary judgment in favor of the third party defendants . . . and that [the appellant] therefore had a right to appeal that order, . . . we nonetheless hold that the trial court retained jurisdiction of the main action . . . and could proceed to enter orders as necessary and appropriate in that matter; i.e., the trial court retained jurisdiction to compel discovery in the pending action and to adjudicate persons who violate its discovery orders to be in contempt." *Cohran v. Carlin*, 249 Ga., supra at 512.

Accordingly, *Cohran* is clearly distinguishable on its facts from the case sub judice. Here, unlike *Cohran*, appellant's adjudication of contempt is not the result of his subsequent failure to obey a collateral order in the proceedings that were still pending in the trial court after August of 1986. The finding of appellant's contempt is based upon his failure to obey the very order of August 1986, from which order he had attempted to bring an appeal to this court and which appeal purported then to be pending in this court. We find no existing authority to support a trial court's retention of jurisdiction to enter an order of contempt under these circumstances.

That a trial court retains jurisdiction to adjudicate one who is an

appellant as to a pending appeal in contempt of court for failure to obey the very order that is then on appeal, is undoubtedly a holding which could be rationalized by reliance upon the notion of so-called "judicial economy." However, the law is otherwise clear that a trial court has no jurisdiction to undertake contempt proceedings to enforce a judgment *that has been superseded* by the payment of costs and the filing of a notice of appeal. See *Tyree v. Jackson,* supra. Compare *Housing Auth. of Atlanta v. Geter,* 252 Ga. 196 (312 SE2d 309) (1984) (notice of appeal does not oust trial court of jurisdiction to grant a timely motion for new trial). No viable rationale exists to support the creation of an exception to this long-recognized principle, which exception would be applicable to such pending appeals as may be subject to subsequent dismissal by the appellate court for lack of jurisdiction. As long as an appeal remains pending in an appellate court, the existence or absence of appellate jurisdiction over that case must ultimately be determined by the appellate court itself. Compare *Jones v. Singleton,* supra; *Attwell v. Lane Co.,* supra. In some circumstances, a trial court whose order had otherwise been superseded may be authorized to dismiss the pending appeal but a trial court is never authorized to enforce that superseded order by holding that the appellant in the pending appeal is in contempt for failing to obey it.

While the appeal filed by appellant in this case was *in fact* subsequently dismissed by this court for lack of jurisdiction, to uphold appellant's adjudication of contempt would require this court to sanction a procedure whereby every appellee as to every pending appeal, rather than raising his assertion of a lack of appellate jurisdiction in the form of a motion to dismiss, could always secure a hearing in the trial court, and on occasion secure an actual adjudication, as to the appellant's contempt for failing to obey an order that is then on appeal. However, not every assertion of a lack of appellate jurisdiction over a pending appeal is viable and, so long as an appeal remains pending, every such assertion must always remain non-viable until such time as the appellate court has itself finally addressed the issue. Accordingly, the contempt adjudication in this case can be affirmed only if this court abdicates its jurisdiction to determine its own jurisdiction over pending appeals, which abdication would thereby subject the appellant in any given pending appeal to the possibility that he may have to defend not against a mere motion to dismiss his pending appeal, but also to defend against the possibility of an adjudication of contempt by the trial court. Jurisdiction to determine this court's jurisdiction must remain in this court so long as the appeal in question is pending.

The payment of costs and filing of a notice of appeal are sufficient to confer upon this court the jurisdiction to determine its own jurisdiction over a pending appeal and to oust the trial court of any

jurisdiction to address that issue other than by way of a motion to dismiss. Our dismissal of appellant's appeal subsequent to his adjudication of contempt does not have the effect of validating the contempt order nunc pro tunc. The trial court had no jurisdiction to hold appellant in contempt of its August 1986 order and the judgment of contempt is void.

2. Remaining enumerations of error are moot.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 5, 1987.

*Robert H. McKnight, Jr.*, for appellant.
*Martin L. Ellin*, for appellee.