A93A0126, A93A0127. ANAYA v. BROOKS AUTO PARTS, INC.;
and vice versa.
(430 SE2d 825)

BEASLEY, Presiding Judge.

Anaya was injured replacing a hose on a front-end loader. He had purchased the replacement hose and a fitting from Brooks Auto Parts, Inc. He sued Brooks, alleging claims for breach of warranty, strict liability, and negligence. The case was tried before a jury, and at the close of the evidence, the trial court granted Brooks' motion for a directed verdict on the breach of warranty and strict liability claims, but reserved its ruling on the negligence claim. After the jury returned a verdict for Anaya on the negligence claim, the trial court granted Brooks' motion for a directed verdict on that claim as well, resulting in a complete directed verdict for Brooks. Judgment was entered in favor of Brooks. Anaya filed an appeal, and in *Anaya v. Brooks Auto Parts*, 203 Ga. App. 485 (417 SE2d 423) (1992), this court reversed, holding that the procedure employed by the trial court was improper.

Upon remittitur, the trial court followed this court's direction and first entered judgment on the jury's verdict on April 24, then con-

sidered the motion for a directed verdict on which ruling had been reserved as a motion for judgment n.o.v., and on April 30, 1992, entered judgment n.o.v. in favor of Brooks. On May 20, Brooks filed a motion for new trial in the alternative pursuant to OCGA § 9-11-50 (c). On June 3, 1992, 34 days after entry of the judgment n.o.v., Anaya filed a notice of appeal in the trial court from the judgment n.o.v. and paid costs.

On June 10, one week after his notice of appeal was filed, Anaya moved the trial court to set aside the judgment n.o.v. Relying on *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), Anaya alleged that the trial court had not notified him of the entry of judgment n.o.v., as required by OCGA § 15-6-21 (c). Using the procedure outlined in *Cambron*, the trial court on July 1 granted the motion to set aside but immediately reentered the judgment n.o.v., thereby resetting the time within which Anaya could file an appeal. In the same order, it denied Brooks' conditional motion for new trial. Although it had been withdrawn on June 22, Brooks again filed the conditional motion for new trial on July 29, and it was again denied on August 13. Anaya filed this appeal on August 19 from the reentered judgment n.o.v. of July 1, and Brooks filed a cross-appeal on August 31, from the denial of its conditional motion for new trial on both July 1 and August 13.

The events in the trial court relevant to this appeal may be chronicled as follows:

4/24/92  After remittitur, judgment entered for Anaya on jury verdict.

4/30/92  Judgment n.o.v. granted for Brooks.

5/20/92  Brooks filed motion for new trial in the alternative.

6/03/92  Anaya filed notice of appeal in trial court and paid costs.

6/10/92  Anaya filed motion to set aside judgment n.o.v. in trial court.

6/22/92  Brooks' motion for new trial in the alternative withdrawn.

7/01/92  Anaya's motion to set aside (vacate) judgment n.o.v. granted and judgment n.o.v. reentered. Brooks' (withdrawn) motion for new trial in the alternative denied.

7/29/92  Brooks' motion for new trial in the alternative (OCGA § 9-11-50 (c)) refiled.

8/13/92  Brooks' refiled motion for new trial in the alternative denied.

8/19/92  Anaya filed new notice of appeal from the order of 7/1.

8/31/92  Brooks filed cross-appeal from denial on 7/1 and 8/13 of his motion for new trial in the alternative.

1. We first consider an enumeration of error in Brooks' cross-appeal which, if it is meritorious, disposes of both the main appeal and the cross-appeal.

Brooks contends the trial court erroneously set aside and reentered the April 24, 1992 judgment n.o.v. because Anaya's notice of appeal filed June 3, 1992 acted as supersedeas, depriving the trial court of authority to take any action affecting the judgment after the date on which the notice of appeal was filed.

OCGA § 5-6-46 (a) provides that the filing of a notice of appeal serves as supersedeas when all costs in the trial court are paid. "This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the appeal." *Turner v. Harper*, 233 Ga. 483, 484 (211 SE2d 742) (1975). Contrary to Anaya's argument, the untimeliness of the June 3 notice of appeal did not render it an exception to this principle, and no viable rationale exists to create such an exception. *Williams v. Natalie Townhouses &c.*, 182 Ga. App. 815, 817 (357 SE2d 156) (1987). See *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979) (trial court cannot even correct mistakes in judgment pursuant to OCGA § 9-11-60 (g) once notice of appeal filed).

In *Williams*, the appeal was ultimately dismissed by this court for lack of jurisdiction because the appellant had failed to utilize the interlocutory appeal procedure. However, unless the notice of appeal is withdrawn or dismissed by the trial court for a proper reason, see OCGA § 5-6-48 (c), "[j]urisdiction to determine this court's jurisdiction must remain in this court so long as the appeal in question is pending." *Williams*, supra at 817. "As long as an appeal remains pending in an appellate court, the existence or absence of appellate jurisdiction over that case must ultimately be determined by the appellate court itself. [Cits.]" Id.

Because the June 3, 1992 notice of appeal was still pending when the motion to set aside the judgment n.o.v. was filed and ruled upon, the trial court was without authority to entertain the motion to set aside. Accordingly, all proceedings in the trial court after June 3, 1992 are null and void and both the main appeal and the cross-appeal must be dismissed because the orders which they seek review of were void. Nor do we have jurisdiction to review the order of April 30, because the notice of appeal filed June 3 was untimely. OCGA § 5-6-38 (a).

2. Our holding in Division 1 renders moot the remaining enumerations in the appeal and cross-appeal.

*Appeals dismissed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993 —
RECONSIDERATION DENIED APRIL 19, 1993

*Novy & James, Eugene Novy, Deborah M. Vaughan,* for appellant.

*Brennan & Wasden, Wiley A. Wasden III, Wallace B. Wason, Jr.,* for appellee.