A96A1173, A96A1174. MTW INVESTMENT COMPANY et al. v. ALCOVY PROPERTIES, INC. (two cases).
A96A1175. ALCOVY PROPERTIES, INC. v. MTW INVESTMENT COMPANY et al.

(477 SE2d 395)

McMurray, Presiding Judge.

Following the decision of this Court in *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102 (441 SE2d 288), the trial court granted a pending motion which permitted Alcovy Properties, Inc. (hereafter "Alcovy"), to add a counterclaim, pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), against MTW Investment Company, Lenore Sater Maslia, as executrix of the estate of Victor D. Maslia, Lee N. Terry, and Larry D. Wolfe (hereafter "defendants-in-counterclaim"). The trial of this *Yost* counterclaim resulted in a verdict and judgment in favor of Alcovy.

Defendants-in-counterclaim then filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. On November 7, 1995, the trial court entered an order on this motion which granted defendants-in-counterclaim's motion for new trial on the issue of damages, but, pursuant to OCGA § 51-12-12 (b), conditioned the grant of new trial on Alcovy's refusal to accept a reduced damage award. (The trial court concluded that the jury had not given consideration to condemnation proceeds of $214,500 received by Alcovy and conditioned the grant of new trial on Alcovy's refusal to accept an award reduced by this amount.) The trial court's order gave Alcovy two weeks from its receipt of the order to notify the trial court in writing of its intention to accept or refuse the reduced award. On November 29, 1995, the defendants-in-counterclaim filed their notice of appeal from the order of November 7, 1995, thereby initiating Case No. A96A1173.

On the following day, November 30, 1995, the trial court received a letter from Alcovy accepting the reduced award with the condition that it preserves its right to appeal if defendants-in-counterclaim appeal the judgment. The letter from Alcovy stated that it had received the November 7, 1995 order on November 13, 1995.

Also on November 30, 1995, the trial court entered an order stating findings that Alcovy's condition was appropriate and reasonable, and holding that Alcovy's conditional acceptance of the reduced award was sufficient to satisfy the order of November 7, 1995, and

that defendants-in-counterclaim's alternative motions for new trial or j.n.o.v. were denied. A notice of appeal from the order of November 30, 1995 was filed by defendants-in-counterclaim to initiate Case No. A96A1174 and Alcovy cross-appealed in Case No. A96A1175. *Held*:

Since we lack jurisdiction to consider these appeals they must be dismissed. While there may be opportunity for disagreement as to the proper construction of the order filed on November 7, 1995, under any reasonable view of that order the motion for new trial either remained pending or had been granted on November 29, 1995, when the first notice of appeal was filed.

If the November 7, 1995 order is viewed as inchoate because anticipating further action by the trial court, the absence of any such further action left pending the motion for new trial of the defendants-in-counterclaim. In the alternative, if the November 7, 1995 order does not anticipate any further action by the trial court, it must be viewed as inchoate pending a timely response by Alcovy. If this is the case, we are confronted with uncertainty since Alcovy was not required to respond by a date certain, but instead within a period of time following receipt of the trial court's order of November 7, 1995. Thus, on November 29, 1995, the date of the filing of the notice of appeal from the order of November 7, 1995, there was nothing of record to indicate whether a ruling on the motion for new trial remained pending in anticipation of Alcovy's response or whether the expiration of the time allocated for that response had resulted in the grant of a motion for new trial. But in either case the appeal is premature. We note that while consideration of the letter received by the trial court on the day following the filing of the first notice of appeal is not proper, such would not alter this result since the letter shows that the trial court was not notified within the period of time allotted by the November 7, 1995 order. The sum of this is that the appeal in Case No. A96A1173 is premature.

Nonetheless, while Case No. A96A1173 remained pending, the trial court lacked jurisdiction to alter the order being appealed. *Anaya v. Brooks Auto Parts,* 208 Ga. App. 491, 493 (1) (430 SE2d 825). Thus, the order entered on November 30, 1995, was a nullity and the appeal in Case No. A96A1174 is also premature since in the absence of the order of November 30, 1995, the record in that case shows only that Alcovy did not accept the reduced award in the time allowed so as to avoid the grant of the motion for new trial of the defendants-in-counterclaim. The grant of a motion for new trial leaves the case still pending in the trial court below and is not a final judgment. *Guy v. Roberson,* 214 Ga. App. 391, 392 (1) (448 SE2d 60).

The dismissal of the main appeals requires consideration of appellate jurisdiction over the cross-appeal. Since neither of the orders from which the cross-appeal is taken support a direct appeal,

232

the cross-appeal in Case No. A96A1175 must also be dismissed. *Guy v. Roberson,* 214 Ga. App. 391, 392 (2), supra.
*Appeals dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 16, 1996.

*Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm,* for MTW Investment Co.
*Kerry S. Doolittle,* for Alcovy Properties.

