A97A0877, A97A1026. MORRIS v. MORRIS (two cases).
(487 SE2d 528)

BEASLEY, Judge.

These appeals mark the second appearance of this case; the first is reported at *Morris v. Morris*, 222 Ga. App. 617 (475 SE2d 676) (1996). Appellant Frieda Morris filed a complaint to domesticate a foreign judgment and for modification of child support against her former husband, James Morris. After she voluntarily dismissed the complaint, James Morris moved for attorney fees and expenses of litigation under OCGA §§ 19-6-19 (d) and 9-15-14 (b), which was granted. On appeal, this Court reversed the award under OCGA § 19-6-19 (d) and remanded the award under OCGA § 9-15-14 (b) for requisite findings. Id. at 618 (2), (3).

On September 13, 1996, the trial court noted this Court's earlier opinion and entered an order that stated a basis for awarding attorney fees. Frieda Morris filed a direct appeal from that order in Case No. A97A0877. She also applied for permission to appeal under the discretionary procedures of OCGA § 5-6-35 (a) (10). We granted that application, and the appeal in Case No. A97A1026 followed pursuant to that grant.

### Case No. A97A0877

1. This notice of appeal seeks to directly appeal the court's award of attorney fees under OCGA § 9-15-14. Such an order is subject to the discretionary procedure of OCGA § 5-6-35. This appeal must be dismissed. See *Bonnell v. Amtex, Inc.*, 217 Ga. App. 378 (457 SE2d 590) (1995).

### Case No. A97A1026

2. The court below entered its order "on remand" on September 13, 1996, but this Court did not issue the remittitur until September 16, 1996. Until the trial court receives and files the remittitur, it does not have jurisdiction to act. *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992). The trial court's order of September 13 is a nullity, and the case must be reversed.

James Morris urges that we overlook the fact that the order is a nullity and address the merits of the appeal. We find no authority for such. The cases he cites do not support the proposition that this

Court can ignore the nullity of a trial court's action. See *Marsh v. Way*, 173 Ga. App. 399, 401-402 (2) (326 SE2d 499) (1985); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 133 (1) (279 SE2d 264) (1981). The order cannot be affirmed at this juncture even if the record supports the court's decision.

*Appeal dismissed in Case No. A97A0877. Judgment reversed in Case No. A97A1026. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 11, 1997.

Before Judge Etheridge.

*Beltran & Associates, Frank J. Beltran, Charlotte K. Perrell*, for appellant.

*Rubin, Winter, Rapoport & Hall, Michelle B. Rapoport, Amanda S. Trigg*, for appellee.

