A00A0060, A00A0061. THREE CROWNS ANTIQUES, LTD. v. JERRELL; and vice versa.
(535 SE2d 827)

POPE, Presiding Judge.

Michael A. Jerrell d/b/a Major Computer Industries filed a complaint in magistrate court seeking $1,413 plus costs from defendant Three Crowns Antiques, Ltd. Three Crowns Antiques answered the complaint and counterclaimed, asserting that it had been damaged in the amount of $7,500; it also asserted a claim for punitive damages.

The case was tried to a jury, and on January 14, 1998, the jury returned a verdict in favor of Jerrell for $2,426.07 on the account and $9,027.85 in attorney fees. The jury's verdict was also in favor of Jerrell on Three Crowns' counterclaim. On January 21, 1998, the court entered judgment for $11,453.92.

---

[29] See *Long v. State*, 241 Ga. App. 370, 372 (3) (526 SE2d 875) (1999). Compare *Dickerson v. State*, 207 Ga. App. 241, 242 (2) (427 SE2d 591) (1993).

Three Crowns immediately filed a motion for new trial and for judgment notwithstanding the verdict, arguing that the jury's verdict was insupportable and excessive. Thirteen months later, on March 8, 1999, the trial court granted Three Crowns' motion in part, concluding that the attorney fees award was excessive. Accordingly, the court reduced the verdict against Three Crowns on attorney fees to $6,965.35, contingent upon Jerrell's acceptance of the reduced amount. The court indicated that Jerrell would have until April 10, 1999, to notify the court in writing if he declined to accept the award. If Jerrell did not accept the award, the court stated that it would grant a new trial on the issue of attorney fees. The order stated:

> The plaintiff shall have until April 10, 1999 to notify the Court in writing by a pleading filed with the Clerk if he declines to accept the new judgement amount. The failure to decline by filing a timely written objection will be deemed acceptance of the reduced damages award as a final judgement.

On April 6, 1999, Three Crowns filed a notice of appeal, stating that it was appealing the March 8, 1999 judgment and the judgment granting attorney fees. Three Crowns stated that it was appealing "only as to the award of attorney fees in the original amount of $9,027.85, contained within the January 21, 1998, Judgment, and reduced to $6,965.35, in the March [8], 1999, Order, as being excessive." On April 15, 1999, Jerrell cross-appealed, asserting that the court should not have reduced the amount of attorney fees and that it erroneously directed a verdict on one of the complaint's counts.

Several jurisdictional questions are raised by this appeal. We first address the issue of whether Three Crowns may appeal, as it attempts to do, the original amount of attorney fees awarded ($9,027.85) in the January 21, 1998 judgment. As stated above, the court proceeded under OCGA § 51-12-12 (b) and conditioned the grant of a new trial on Jerrell's refusal to accept the reduced amount of attorney fees. After the court granted Three Crowns' motion for new trial and reduced the amount of attorney fees, contingent upon Jerrell's acceptance, the original award of $9,027.85 was no longer the final judgment in the case. Thus, Three Crowns could not directly appeal that original judgment. See generally *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (1) (437 SE2d 819) (1993), citing *Spence v. Hillard P.C.*, 260 Ga. 107, 108 (389 SE2d 753) (1990).

Nevertheless, Three Crowns filed its notice of appeal on April 6, four days *before* the April 10 deadline for Jerrell's response to the reduced damage award. When Three Crowns filed its notice of appeal, the status of the case was unclear — either Jerrell would not

file a pleading rejecting the reduced amount and the lower amount would become the final award, or Jerrell would file a pleading rejecting the reduced amount and the court would hold another trial.[1]

In *MTW Investment Co. v. Alcovy Properties*, 223 Ga. App. 230 (477 SE2d 395) (1996), this court faced a similar factual situation. In that case, as here, the trial court issued an order under OCGA § 51-12-12 (b) which granted the motion for new trial on the issue of damages, but conditioned the grant of the new trial on Alcovy's refusal to accept a reduced damage award. The trial court's order, issued on November 7, 1995, gave Alcovy two weeks from its receipt of the order to notify the court in writing of its intention to accept or refuse the reduced award. Id. at 230. On November 29, 1995, the defendants in counterclaim filed a notice of appeal from the November 7 order. On November 30, the trial court received a letter from Alcovy accepting the reduced award with the condition that Alcovy preserved its right to appeal if the defendants in counterclaim appealed the judgment.[2]

In *MTW Investment v. Alcovy*, this court concluded that it lacked jurisdiction over the appeal from the November 7 order. The court stated that the November 7 order must be viewed as inchoate and that the appeal was premature. Id. at 231. The court stated:

> While there may be opportunity for disagreement as to the proper construction of the order filed on November 7, 1995, under any reasonable view of that order the motion for new trial either remained pending or had been granted on November 29, 1995, when the first notice of appeal was filed. If the November 7, 1995 order is viewed as inchoate because anticipating further action by the trial court, the absence of any such further action left pending the motion for new trial of the defendants-in-counterclaim. In the alternative, if the November 7, 1995 order does not anticipate any further action by the trial court, it must be viewed as inchoate pending a timely response by Alcovy. If this is not the case, we

---

[1] Because of our resolution of this case we do not reach the question of jurisdictional amount under OCGA § 5-6-35 (a) (6). Nevertheless, we note that while the reduced judgment was less than $10,000, Three Crowns would be entitled to pursue a final judgment pertaining to the counterclaim. See *Denton v. Hogue*, 208 Ga. App. 734 (1) (431 SE2d 728) (1993).

[2] Also on November 30, the court entered an order which held that Alcovy's conditional acceptance of the reduced award was sufficient to satisfy the court's November 7 order and also denied the defendants in counterclaim's motions for new trial or for j.n.o.v. Both parties filed appeals from this order. This court also determined that it had no jurisdiction over the later appeals.

are confronted with uncertainty since Alcovy was not required to respond by a date certain, but instead within a period of time following receipt of the trial court's order of November 7, 1995. Thus, on November 29, 1995, the date of the filing of the notice of appeal from the order of November 7, 1995, there was nothing of record to indicate whether a ruling on the motion for new trial remained pending in anticipation of Alcovy's response or whether the expiration of the time allocated for that response had resulted in the grant of a motion for new trial. But in either case the appeal is premature.

Id. In this case, as in *MTW Investment v. Alcovy*, the appeal is premature. On April 6, when Three Crowns filed the notice of appeal, the time had not expired for Jerrell to accept or reject the trial court's reduced amount. On April 10, the "absence of a timely filed pleading rejecting the . . . reduced damages award," would have become the final judgment in the case accepted by the parties for the purpose of ending the litigation. *Jacobsen v. Haldi*, 210 Ga. App. at 819 (1). But before that date there was no final conclusion regarding the court's March 8 order and the appeal must be dismissed. Similarly, because the cross-appeal is also based on this inchoate order, it also must be dismissed. See generally *Patel v. Ga. Power Co.*, 234 Ga. App. 141, 142 (2) (505 SE2d 787) (1998).

Assuming the other jurisdictional requirements are met, the proper procedure for a direct appeal of a court's interference with a jury verdict under OCGA § 51-12-12 (b) is to appeal within 30 days from the final resolution of the matter. See OCGA § 5-6-38 (a). To avoid confusion, we encourage trial courts to enter a final order documenting a party's acceptance of an altered award. This final order would then comport with OCGA § 5-6-31, which states: "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article." Of course, the grant of a new trial is not a final order from which a direct appeal may be taken. See *Rockdale Awning &c. Co. v. Kerbow*, 210 Ga. App. 119, 121 (2) (435 SE2d 619) (1993). In this case, we instruct the trial court to enter a final judgment documenting the jury's verdict, its reduction of the jury's verdict, and Jerrell's response to the court's alteration of the verdict. Assuming other jurisdictional requirements are met, Three Crowns will then have 30 days from the entry of that order to file a direct appeal.

*Appeals dismissed in Case Nos. A00A0060 and A00A0061. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2000.

*Rosensweig, Jones & Macnabb, Jonathan W. Hickman,* for appellant.

*Philip S. Coe,* for appellee.