## A00A0505. STYLES v. THE STATE.
(537 SE2d 377)

SMITH, Presiding Judge.

We granted this discretionary application to resolve conflicting lines of opinion regarding this court's jurisdiction over pending appeals before issuance of a remittitur. The Supreme Court of this state has expressly held that a superior court is without authority to alter a judgment while an appeal of that judgment is pending. *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992). This court has applied that rule even when the pending appeal is dismissed for lack of jurisdiction. We therefore dismiss this appeal and overrule the decisions of *Gillis v. Goodgame*, 199 Ga. App. 413 (404 SE2d 815) (1991), rev'd on other grounds, 262 Ga. 117 (414 SE2d 197) (1992), and *Kent v. Brown*, 238 Ga. App. 607 (518 SE2d 737) (1999), holding

---

[29] *Bryant v. Haynie*, 216 Ga. App. 430, 432 (454 SE2d 533) (1995).

to the contrary.

On June 30, 1999, the superior court revoked Curtis Alton Styles's probation. Styles filed a notice of appeal on July 28, 1999, and the direct appeal was docketed as Case No. A99A2476. An order dismissing Case No. A99A2476 for failure to comply with the discretionary appeal procedures was filed on August 13, 1999, but the remittitur was not issued by this court until September 3, 1999; it was filed in the superior court clerk's office on September 7, 1999.

Under ordinary circumstances, a trial court does not have "jurisdiction to take any action in a case prior to receiving the remittitur from the appellate court." *Chambers,* supra. But on August 20 and 24, 1999, before the remittitur issued, the superior court entered orders vacating and reentering the probation revocation order. As of those dates, the direct appeal was still pending and the superior court was without authority to alter the judgment on appeal. The superior court orders of August 20 and 24, 1999, therefore are null and void. Id. This is true even if the first appeal ultimately is dismissed for lack of jurisdiction. *Anaya v. Brooks Auto Parts*, 208 Ga. App. 491, 493 (1) (430 SE2d 825) (1993); see also *Bryan v. Brown Childs Realty Co.*, 236 Ga. App. 739, 742 (2) (513 SE2d 271) (1999); *Morris v. Morris*, 226 Ga. App. 799 (2) (487 SE2d 528) (1997); *MTW Investment Co. v. Alcovy Properties*, 223 Ga. App. 230, 231 (477 SE2d 395) (1996).

A different result would be reached under the holdings of *Gillis v. Goodgame*, supra at 414 (1), and *Kent v. Brown*, supra at 613-614 (3). These cases hold that when an appeal is dismissed due to this court's lack of jurisdiction, the trial court is deemed to have retained jurisdiction during the pendency of the appeal and could properly have proceeded with the case, including altering or amending the judgment or ruling sought to be appealed. The effect of these cases is to remove from this court the responsibility for determining our own jurisdiction. *Williams v. Natalie Townhouses &c.*, 182 Ga. App. 815, 817 (357 SE2d 156) (1987). Rather than abdicate our authority to determine our jurisdiction over pending appeals, we overrule and will no longer follow *Gillis* or *Kent* with respect to this issue.

Applications for discretionary appeal must be filed within 30 days of entry of the order complained of. OCGA § 5-6-35 (d). Styles's application was not filed within 30 days of the entry of the June 30, 1999 order revoking probation, which remains in effect due to the void nature of the order purporting to vacate it. This court lacks jurisdiction to consider an untimely application for discretionary appeal. *Rosenstein v. Jenkins*, 166 Ga. App. 385 (304 SE2d 740) (1983). This application therefore is dismissed.

*Appeal dismissed. Johnson, C. J., Pope, P. J., Andrews, P. J., Ruffin, Barnes, Miller and Phipps, JJ., concur. Blackburn, P. J.,*

*Eldridge, Ellington and Mikell, JJ., concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

I concur fully with the judgment of the majority and the overruling of *Gillis v. Goodgame*[1] and *Kent v. Brown*.[2] I cannot agree, however, with the majority's analysis of the law concerning the jurisdiction of the trial court to act while a case is on appeal and, therefore, concur in the judgment only.

The statement that "[u]nder ordinary circumstances, a trial court does not have 'jurisdiction to take any action in a case prior to receiving the remittitur from the appellate court'" is misleading, because such loss of jurisdiction is limited to only those proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matters. The use of the term "ordinary circumstances" assumes that acts of the trial court during appeal would affect the issue pending on appeal and adds nothing to the analysis. While this generalization may or may not be true, it is of no assistance to the Bar in determining *when* the trial court may or may not act while certain rulings or judgments are on appeal. Providing more specific guidance to the Bar as to the application of the law should assist lawyers in advising their clients and trial judges in making their rulings.

The trial court is free to act while a case is on appeal except under those limited circumstances described herein. Such a limited circumstance is present in the case relied upon by the majority, *Chambers v. State*.[3] There, our Supreme Court held that a trial and conviction of a defendant which take place during the pendency of an appeal of a motion to suppress are null and void. This has to be the case since, in allowing the matter to proceed through the entry of a verdict, the trial court necessarily had to take some action regarding the evidence which was the subject of the motion to suppress which was on appeal.

See also *Griffin v. State*,[4] where our Supreme Court quashed a murder indictment in Thomas County, where an appeal was pending from the denial of a double jeopardy claim upon the defendant's reindictment in McIntosh County, following a mistrial of the first indictment based upon the same incident. *Griffin*, supra, also involved action on the very issue that was the subject of a pending appeal, and there was therefore no jurisdiction in the trial court under the facts of that case.

---

[1] *Gillis v. Goodgame*, 199 Ga. App. 413 (404 SE2d 815) (1991).
[2] *Kent v. Brown*, 238 Ga. App. 607 (518 SE2d 737) (1999).
[3] *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992).
[4] *Griffin v. State*, 266 Ga. 115 (464 SE2d 371) (1995).

It is the law that a trial court may not alter a judgment or order while an appeal as to the validity of that particular judgment or order is still pending before the appellate court. Neither may a trial court initiate proceedings which, one way or another, require a ruling on the exact matter being appealed. See generally *Cohran v. Carlin*;[5] *Chambers v. State*, supra; *Griffin v. State*, supra.

It is not the case, however, that a trial court's hands are tied as to other matters not affecting those issues on appeal, during the pendency of such appeal. In *Fairburn Banking Co. v. Gafford*,[6] our Supreme Court pointed out that

> while a trial court is without jurisdiction to modify or enforce a judgment during the period of supersedeas, it has jurisdiction to consider other matters in the case and even to conduct a trial, subject to the peril that a decision which conflicts with that of the appellate court will be made nugatory.

A trial court does retain jurisdiction, pending appeal, of matters which do not require it to take action which affects an order or judgment under the consideration of a higher court. Our appellate courts have established this state of the law, by holding that while an appeal is pending, a trial court retains jurisdiction to: add counterclaims not directly related to the judgment on appeal, *Trust Co. Bank v. C & S Trust Co.*;[7] rule on motions for protective orders, *Craft's Ocean Court v. Coast House Ltd.*;[8] and rule on motions for a continuance of a hearing, id.

The legislature has contributed to this state of the law through the enactment of statutes which provide for jurisdiction in the trial court during the pendency of an appeal. A trial court may perform certain functions even while an appeal is pending in order to prevent a failure or delay of justice. OCGA § 9-11-27 (b) provides:

> If an appeal has been taken from a judgment of a trial court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the trial court. . . . If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken.

---

[5] *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982).
[6] *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994).
[7] *Trust Co. Bank v. C & S Trust Co.*, 260 Ga. 124 (390 SE2d 589) (1990).
[8] *Craft's Ocean Court v. Coast House Ltd.*, 255 Ga. 336 (338 SE2d 277) (1986).

In essence, this statutory provision embodies the maxim that justice should not be delayed and that the procession of a given case to its just disposition should not be impeded by the filing of an appeal except as required by law, which requirements have been previously addressed.

OCGA § 15-11-64 specifically provides that orders of the juvenile court are not superseded by the filing of an appeal. The juvenile court retains discretion to act in connection therewith during the pendency of the appeal and until a ruling by the higher court. See also *Rocha v. State*.[9] In *Rocha*, supra, we considered the effect of a pending appeal of the grant of a motion to transfer a juvenile court case to superior court on an indictment issued during such pendency. In *Rocha*, the defendant was indicted by the grand jury, but not tried, while his appeal of the transfer ruling was pending. The defendant argued that, due to the pending appeal, the superior court had no jurisdiction to enter the indictment.

We rejected the defendant's argument in that case, based on the statutory mandate that "no [final judgments of a juvenile court judge, which would include a motion to transfer,] shall be superseded except in the discretion of the judge; rather, the judgment or order of the court shall stand until reversed or modified by the reviewing court." OCGA § 15-11-64. We, therefore, held "even though the transfer order was on appeal at the time [the defendant] was indicted, it remained in effect at that time, and the proceedings which occurred in the superior court, pursuant to the transfer order which had not been superseded, . . . were valid." *Rocha*, supra at 50 (1).

Applying the law to the case now before us, I agree that Styles' appeal must be dismissed. On July 28, 1999, Styles filed an appeal with this Court in which he contended that the trial court inappropriately revoked his probation. While this appeal was pending, the superior court entered orders vacating and reentering the very order which was the subject of the appeal. As stated, a trial court cannot modify a judgment while that particular judgment is on appeal, and thus, the trial court's orders vacating and reentering its revocation order are void. *Chambers*, supra. Therefore, Styles' application for a discretionary appeal is untimely and must be dismissed.

In *Gillis*, supra, the plaintiff appealed the trial court's grant of summary judgment to the defendant based on the plaintiff's failure to file a supporting affidavit. While the appeal of the grant of summary judgment was still pending, the trial court entered a final judgment in favor of the defendant. This Court held that a trial court retains jurisdiction during the pendency of an appeal which is

---

[9] *Rocha v. State*, 234 Ga. App. 48 (506 SE2d 192) (1998), cert. denied, 234 Ga. App. 904.

improperly filed with this Court and which must ultimately be dismissed for lack of appellate jurisdiction. A proper analysis in *Gillis* would have been that, as the trial court's action could not be taken without also making a judgment regarding the propriety of the summary judgment order, which was under appeal, it had no jurisdiction to act and its order was a nullity.

As pointed out by the majority, the result in *Gillis* espouses an inappropriate abdication of our authority to determine our own jurisdiction. *Williams v. Natalie Townhouses &c.*[10] Accordingly, *Gillis* must be overruled. *Kent v. Brown*, supra, which followed *Gillis*, must also be overruled.

I concur in the holding of the majority except as outlined above.

I am authorized to state that Judge Eldridge, Judge Ellington and Judge Mikell join in this special concurrence.

DECIDED JULY 13, 2000.

*Jason T. Shwiller*, for appellant.
*James R. Osborne, District Attorney, Theo M. Sereebutra, Assistant District Attorney*, for appellee.

