**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 8, 2017**

# In the Court of Appeals of Georgia

A17A0687. KOOL SMILES/NCDR, LLC et al. v. GONZALEZ.     DO-029

DOYLE, Judge.

Pursuant to the grant of a discretionary appeal under OCGA § 5-6-35 (a) (1), employer Kool Smiles/NCDR, LLC, appeals the judgment of the superior court reversing in part the award of the State Board of Workers' Compensation ("the Board") to Hansel Gonzalez. Kool Smiles contends the superior court's judgment is a nullity because the award of the full Board was affirmed by operation of law when the judgment was not entered within 20 days of the hearing as required by OCGA § 34-9-105 (b). For the reasons that follow, we vacate the superior court's order.[1]

---

[1] See *Coronet Carpets v. Reynolds*, 199 Ga. App. 383, 383-384 (405 SE2d 103)(1991) (dismissing appeal).

In 2005, Gonzalez sustained an on-the-job injury for which he was awarded temporary total disability benefits due to the classification of the injury as catastrophic. In 2015, the parties requested a hearing before a State Board of Workers' Compensation Administrative Law Judge ("ALJ") to address a change of physician authorization requested by Kool Smiles and requests by Gonzalez for additional treatments and for attorney fees against Kool Smiles for their unreasonable defense of denial of the treatments and request for change of physician. On October 18, 2015, the ALJ denied Kool Smiles's request for the change of physician, granted Gonzalez's requests for additional treatments, and awarded attorney fees to Gonzalez based on Kool Smiles's unreasonable defense.

Kool Smiles appealed the order to the Board, and after a hearing, the Board issued an order on March 4, 2016, upholding the ALJ as to the issues of the physician change and the additional treatments, but reversing the ALJ as to the issue of attorney fees. Gonzalez filed a timely notice of appeal from the Board's order in the Superior Court of Gwinnett County pursuant to OCGA § 34-9-105 (b). On August 1, 2016, the superior court conducted a judicial review hearing. The court did not enter its order reversing the Final Decision until August 31, 2016. Kool Smiles filed an application for discretionary appeal on September 20, 2016, which application was granted by

2

this Court in an order entered on October 12, 2016. Thereafter, Kool Smiles filed a timely notice of appeal. .

1. Under OCGA § 34-9-105 (b), the superior court order disposing of a workers' compensation appeal must be "entered" within 20 days of the hearing on the appeal or the award of the Board will be affirmed by operation of law. Here, because the superior court failed to satisfy that time limit, its order is a nullity.[2] As this Court has explained "the language of the statute is clear and this [C]ourt is without power to avoid the ill-effect created by the statute as written."[3] Accordingly, we are constrained to hold that the superior court lost jurisdiction of the case on August 20, 2016, and its subsequent order was therefore a nullity.

2. Based on the holding of Division 1, Kool Smiles's other enumerations of error are moot.

---

[2] See, e.g., *Buschel v. Kysor*, 213 Ga. App. 91, 93 (1) (444 SE2d 105) (1994); *Coronet Carpets*, 199 Ga. App. at 383-384. Cf. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990) (holding that the superior court lost jurisdiction of the case when it failed to hold a hearing on the appeal within 60 days of the time from which the appeal was filed).

[3] (Citation and punctuation omitted.) *Coronet Carpets*, 199 Ga. App. at 384.

The judgment of the superior court is hereby vacated because the decision of the full Board was affirmed by operation of law.[4]

*Judgment vacated. Miller, P. J., and Reese, J., concur.*

---

[4] See *Buschel*, 213 Ga. App. at 95 (5). Cf. *Kennestone Hosp. v. Cartersville Med. Center*, 341 Ga. App. 28, 30-32 (1) (798 SE2d 381) (2017) (vacating untimely issued order under similar statutory scheme). Compare with *Holder v. City of Atlanta*, 294 Ga. App. 568, 570 (669 SE2d 504) (2008) (reversing superior court order after holding that it was a nullity); *Coronet Carpets*, 199 Ga. App. at 384 (dismissing appeal in same circumstance).