**THIRD DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 13, 2023**

# In the Court of Appeals of Georgia

A23A0451. AMERICAN PLUMBING PROFESSIONALS, INC. v.
SERVESTAR, LLC et al.

PHIPPS, Senior Appellate Judge.

For a second time, plaintiff American Plumbing Professionals, Inc. ("APP") appeals from the trial court's order granting summary judgment to defendants Aaron Miller and ServeStar, LLC (collectively, "ServeStar"), in this case involving the validity of a non-compete covenant in an employment agreement. In the first appeal, we reversed the trial court's ruling that the covenant was void because it was geographically vague in scope, and we remanded for the court to consider whether the covenant was unenforceable for other reasons. *American Plumbing Professionals v. ServeStar*, 363 Ga. App. 392 (870 SE2d 518) (2022) ("*American Plumbing I*"). The trial court then entered a second summary judgment order, finding the covenant to be

void on different grounds, and APP appeals again. For the reasons explained below, we must vacate the second summary judgment order.

We issued our opinion in *American Plumbing I* on March 4, 2022. See 363 Ga. App. 392. ServeStar filed a motion for reconsideration, which we denied on March 23, 2022. ServeStar then filed a notice of intention to apply to the Supreme Court of Georgia for a writ of certiorari, so we did not issue a remittitur. See Court of Appeals Rule 39 (a) ("Remittiturs will be transmitted to the clerk of the trial court as soon as practicable after the expiration of 10 days from the date of the judgment, unless otherwise ordered or unless a motion for reconsideration or notice of intention to apply to the Supreme Court of Georgia for writ of certiorari has been filed."). See also *Tavakolian v. Agio Corp.*, 309 Ga. App. 652, 653 (1) (711 SE2d 33) (2011). Nevertheless, the trial court entered a second summary judgment order — the order at issue here — on August 15, 2022. APP then filed the instant appeal, which was docketed on October 12, 2022. On February 7, 2023, the Supreme Court denied ServeStar's certiorari petition in *American Plumbing I*. The Supreme Court issued its remittitur to this Court on February 23, 2023, and we issued our remittitur to the trial court the same day.

An appellate court retains jurisdiction over a case until it has "issued the remittitur and [the remittitur] has been received and filed in the clerk's office of the court below[.]" *Chambers v. State*, 262 Ga. 200, 201-202 (2) (415 SE2d 643) (1992). "Until the trial court receives and files the remittitur, it does not have jurisdiction to act." *Morris v. Morris*, 226 Ga. App. 799, 799 (487 SE2d 528) (1997). See also *Tavakolian*, 309 Ga. App. at 653 (1). Further, we cannot "ignore the nullity of a trial court's decision. The order cannot be affirmed at this juncture even if the record supports the court's decision." *Morris*, 226 Ga. App. at 800 (citation omitted). Accordingly, the trial court's order of August 15, 2022 — issued before that court received the remittitur in *American Plumbing I* — is a nullity and must be vacated. See, e.g., *Kool Smiles/NCDR v. Gonzalez*, 342 Ga. App. 503, 504 (1) (803 SE2d 795) (2017) (trial court order that is a nullity must be vacated).

*Judgment vacated. Rickman, C. J., and McFadden, P. J., concur.*